JENNETTE HAYES, Respondent, *v.* HUDSON RIVER TELEPHONE COMPANY, Appellant.

Third Department, December 28, 1917.

Master and servant — negligence — writing under seal releasing master from liability — presumption that written instrument contains all of agreement between parties — evidence of prior parol agreement.

Where an employee of a telephone company gave it a release under seal, in consideration of the sum of one dollar " and other valuable considerations received from said corporation," including several payments made by it and the delivery of receipts therefor " the receipt whereof is hereby acknowledged," and thereby released and forever discharged said company from all liability on account of personal injuries, an assignee of said employee, in a subsequent action for the breach of an alleged prior parol agreement by the company to give said employee a life job at such work as he was able to do, is not entitled to show the parol agreement, as it would be in violation of the rule which excludes evidence of an oral agreement in contradiction of a written instrument, especially since there is no evidence as to said parol agreement, except that given by the employee which is contradicted by the general superintendent of the company.

Where a contract indicates an intention to express the whole agreement between the parties and is consummated by writing, a presumption of law arises that it contains the whole of the agreement.

Evidence examined, and *held,* insufficient to sustain the burden of proof which was upon the plaintiff to establish the parol agreement.

APPEAL by the defendant, Hudson River Telephone Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of

Albany on the 18th day of June, 1917, upon the verdict of a jury for $5,000, and also from an order entered in said clerk's office on the 20th day of June, 1917, denying defendant's motion for a new trial made upon the minutes.

*John A. Delehanty,* for the appellant.

*Walter A. Fullerton,* for the respondent.

SEWELL, J.:

The plaintiff's assignor, Claude S. Hayes, was injured on the 24th day of September, 1903, while in the employ of the defendant by falling from a telephone pole. On the 16th day of July, 1904, he gave the defendant a release under seal. This instrument after reciting the injury, the expenses incurred for medical and surgical attendance, the payment by the defendant of the wages of the employee during the time he was unable to work and an agreement on the part of the defendant to pay the bills and charges therein mentioned, stated that "In consideration of the sum of one dollar ($1.00), lawful money of the United States of America, to the said Claude S. Hayes in hand paid by said Hudson River Telephone Company, and other valuable considerations received from said corporation by said Claude S. Hayes including the several payments made by said corporation, as above set forth, and the delivery of the receipts therefor to the said Claude S. Hayes, the receipt whereof is hereby acknowledged," said Claude S. Hayes "hath remised, released and forever discharged and By These Presents doth, for himself and * * * assigns, remise, release and forever discharge the said Hudson River Telephone Company and its successors and assigns, of and from all * * * actions, cause and causes of action, * * * debts, * * * covenants, contracts, damages, * * * claims and demands whatsoever," which he then or might have had against the defendant by reason of any matter or thing, "and particularly by reason of any alleged injury, damage or loss sustained, or claimed to have been sustained, by said party of the first part on account of the accident which occurred on or about the 24th day of September." The plaintiff alleges in her complaint that on the 14th day of March, 1904, Claude S. Hayes and the

defendant entered into an agreement to the effect that Hayes waived his cause of action against the defendant for damages suffered and to be suffered by him on account of his injuries and the defendant agreed to pay all necessary expenses of treating him for his injuries, to pay him nine dollars a week until such time as he was able to go to work and then to give him a life job at such work as he was able to do and to pay him the prevailing rate of wages for such employment.

This action was brought to recover damages for an alleged breach of this agreement, the plaintiff claiming that the defendant broke it by discharging Claude S. Hayes and refusing to give him a life job at such work as he was able to do, and that the cause of action for damages was duly assigned to her.

The chief controversy at the trial centered around the question whether this oral agreement was made. Claude S. Hayes was the only witness sworn by plaintiff as to this agreement. He testified that he called on Mr. Greenleaf, the general superintendent of the defendant, Monday, March 14, 1904, and told him that he had received a notice from Mr. Davis, the district manager, that his pay would be stopped, and " Mr. Greenleaf says that there must have been a misunderstanding between Mr. Davis and Mr. Hawley because that he didn't know the reason why my pay should be stopped. I was on crutches. I showed Mr. Greenleaf my condition and I told him that I did not want to have any trouble with the corporation, but I thought at this time it would be necessary for us to make a settlement, and Mr. Greenleaf  *  *  *  asked me if I was a married man. I said that I was not. I told him I was living with my folks. Well, he said that the company had paid me my wages up to that time that they stopped me, why it was about two weeks previous to that, and if I would receive nine dollars a week and they pay my expenses and when I was able to go to work they would furnish me with work that I could do, for life, with wages accordingly, if it would be satisfactory agreement, which I said it was, as I did not care to have any trouble with the corporation. That closed our conversation and I went home."

There was not a particle of evidence, except this that tended to show that any parol agreement was made, and that

no such agreement was made at that time or any other was testified to by Greenleaf.

I think that it was not admissible to show the prior parol agreement; that the admission of that evidence was in violation of the elementary rule which excludes evidence of an oral agreement in contradiction of a written instrument; in this case, one under seal. There is no force in the contention that the parol agreement could be proved as a part of the consideration for the release or as explanatory of the expression " other valuable considerations received from said corporation."

To engraft a new agreement upon the release by which the defendant was to further compensate the employee for his injury would be to change and vary the terms of the written agreement in an essential particular. It would be an oral contradiction of the statement in the release that it was given and accepted in consideration of a valuable consideration that had been paid by the defendant, " the receipt whereof is hereby acknowledged."

It is apparent on the face of the instrument that it cannot be read as an agreement to make any further payment or as a future undertaking on the part of the defendant. On the contrary, it is obvious that it was intended to and did express the whole agreement between the parties. It is well settled that where a contract does indicate such intention and design, and is one consummated by writing, the presumption of law arises that the written instrument contains the whole of the agreement and there can be no question but that the parties intended the writing as a repository of the agreement itself. (*Eighmie* v. *Taylor,* 98 N. Y. 288; *Smith* v. *Dotterweich,* 200 id. 299.)

I think there can be no doubt that the release is within the protection of the rule and must be conclusively presumed to contain all that was agreed to. If, however, it be assumed that the agreement between the parties is not to be ascertained exclusively by the written instrument, and that it was admissible to add to or vary it by testimony tending to show a prior parol agreement, I am of the opinion that there is not sufficient evidence in the case to sustain the verdict. The burden was upon the plaintiff to establish the agreement.

The evidence of the only witness who testified to that fact is not in any way corroborated and is flatly contradicted by the other alleged party to the agreement. It is also contradicted by the written release, the contents of which, as before observed, are absolutely inconsistent with the plaintiff's claim with respect to the agreement. It follows that the judgment and order appealed from should be reversed and a new trial granted, with costs to the appellant to abide the event.

All concurred; COCHRANE, J., in result.

Judgment and order reversed on the law and facts and new trial granted, with costs to appellant to abide event. The court disapproves of the finding of fact that there was any agreement outside of the written agreement.