Gr. Robert Wither, J.
This action upon an alleged guarantee came on for trial before me without a jury. Counsel decided that the facts were not in dispute, and the same were stipulated. The instrument sued upon is as follows:
TRIMLINE
WINDOW FRAME COMPANY
Fulton and Potter Street Farmingdale, L. I.
Farmingdale 2-0544
QUOTATION TO:
Chad Mai Construction Company, Inc. Invoice No.
2 North Grove Street Date December 19, 1952
Valley Stream, L. I., N. Y. Salesman
Ship to Customer Order No.
Ship via Required Terms 30 Net F.O.B.
Quantity Description Unit Price Total
We agree to supply one thousand :jf£K.G. 4525 aluminum sliding windows, installed, at a price of twelve ($12.00) dollars each. A minimum quantity of one thousand units are to be installed by June 30, 1953 at this price. Not less than eight houses at one location, only on Long Island, are to be installed at any one time. K.G. 3636 installed at $14.50 each S. A. F.
If accepted, this proposal shall not become a contract until terms of payment and time of delivery and/or completion have been agreed to in writing by a Trimline officer.
Rural New Yorker, Inc. will guarantee payment
of above contract for Chad-Mal Const. Co., Inc. Subject to approval of Chad-Mal Const. Co., Inc.
Edward Adbhkis
Sec.-Treas.
After argument the case was submitted, with opportunity to counsel to submit briefs. In the brief for the- defendant it was contended that a question of fact was still in dispute. That concerned the amount unpaid under the alleged guarantee. The stipulation made the invoices a part of the evidence. The last invoice contains sufficient information for the court to determine the facts. It shows an item of $62.92 for wood beads. All other items on the invoices are for aluminum windows. Since the alleged guarantee relates only to such windows, the $62.92 must be deducted from the amount of plaintiff’s claim of $4,018.42, reducing it to $3,955.50.
It is held that Edward Adeikis, defendant’s secretary and treasurer and its trouble-shooter and expediter had apparent *647 authority to sign the guarantee on behalf of defendant (Westchester Mtge. Co. v. McIntire, Inc., 174 App. Div. 446; Green-point Coal Docks v. Newtown Creek Realty Corp., 5 Misc 2d 812); that the provision in the instrument requiring approval in writing by plaintiff of the terms of payment was for the benefit of plaintiff only and could be and was waived by it; and that defendant received the benefit which it sought in executing the guarantee, in that Chad-Mal Construction Co., Inc. was thus able to receive and did receive on its job for the defendant the minimum 1,000 aluminum sliding windows referred to in the instrument in question.
It appears that plaintiff has been paid in full for such windows, and that the defendant paid a large part of the bill therefor directly to plaintiff.
Between August 18, 1953 and September 16, 1953, additional aluminum windows in the amount of $3,955.50 were delivered by plaintiff to Chad-Mal Construction Co., Inc. It is for these latter windows which plaintiff seeks payment from defendant on said guarantee.
An instrument of guarantee must be strictly construed in favor of the guarantor, and unless the terms of the guarantee clearly import a continuing liability, it will be held limited to the transaction for which it was given. (Wesselman v. Engel Co., 309 N. Y. 27; 100 Parkway Road v. Johns-Manville, Inc., 258 App. Div. 736, affd. 285 N. Y. 747; Schlem v. Jesaitis, 37 N. Y. S. 2d 943.) The guarantee in this case was made with respect to an agreement to supply 1,000 windows which were supplied and paid for. The agreement required installation of “ a minimum quantity of 1000 units ” by June 30, 1953 at the stated price. That was done. The form of the instrument does not suggest that it was meant to be a continuing contract of indefinite duration and for unspecified quantities. It is true that the words “ minimum quantity ” in the agreement suggest that more than 1,000 windows might be installed, and it appears that it was contemplated that installations might continue after June 30, 1953. But the instrument is too indefinite with respect to installations in excess of 1,000 and installations after June 30, 1953 to constitute a basis for liability of this guarantor for the new installations for August and September and any which might thereafter be made.
The complaint is therefore dismissed.
Submit findings and judgment in accordance herewith.