■ JIFFY SEW CORPORATION, as Assignee of the Claims of JIFFY PRODUCTS CORPORATION, and on Behalf of JAY LAY JAY CORP. and Another, Respondent, v.

JACK PAAR et al., Appellants, et al., Defendant.— Orders, entered June 11, 1965, unanimously modified, on the law, to dismiss the fourth, fifth, sixth and seventh causes of action and otherwise affirmed, without costs or disbursements to any party. Plaintiff's first three alleged causes of action grounded in fraud have factual support in that the plaintiff's affidavits do set forth representations by Weiss (Paar's attorney) and Kummer tending to support such causes of action. The parol evidence rule will not operate to preclude proof of the alleged representations, and questions of fact apparently exist, *inter alia*, as to whether or not the representations were made and whether or not the plaintiff relied thereon. (See 24 N. Y. Jur., Fraud and Deceit, §§ 236, 281; *Sabo* v. *Delman*, 3 N Y 2d 155; *Crowell-Collier Pub. Co.* v. *Josefowitz*, 5 N Y 2d 998; *Millerton Agway Coop.* v. *Briarcliff Farms*, 17 N Y 2d 57, 61; *De Bell* v. *Nothnagle Florida Realty Corp.*, 24 A D 2d 825.) It appears, however, as a matter of law, that plaintiff does not have a cause of action as alleged against Paar for breach of contract. The plaintiff may not prove in support of the alleged cause of action the oral representations and agreements set forth in its affidavits. The obligations of Paar as set forth in the documents annexed to the complaint may not be varied or modified by parol. The letter from Jiffy Products Corporation to Jack Paar expressly provides that it is agreed "that in the event of any conflict or inconsistency between the terms of the Record Agreement and those of the Jiffy Sew Agreement * * * the terms of the Record Agreement shall prevail and we agree to abide by the same." The "Record Agreement" purports to detail and describe completely the obligations of Paar and expressly provides that such "agreement embodies our entire understanding in respect of the subject matter herein contained and no change or modification thereof shall be effective unless in writing and signed by both parties." Inasmuch as the writings purport to be a complete agreement between the parties, the plaintiff may not show the parol representations or agreements set forth in its affidavits for the purpose of varying or enlarging upon Paar's alleged obligations. (See 10 N. Y. Jur., Contracts, §§ 209, 210; 22 N. Y. Jur., Evidence, § 608; 32A C. J. S., Evidence, § 1013, subd. 2, p. 608; General Obligations Law, § 15–301, subd. 1; *Fogelson* v. *Rackfay Constr. Co.*, 300 N. Y. 334; *Hayes* v. *Hudson Riv. Tel. Co.*, 181 App. Div. 217.) Additionally, we conclude that the provisions of the agreements between the parties are not such as to confer upon plaintiff the right to maintain the alleged derivative causes. The "Jiffy Sew Agreement" provides that "upon any substantial default on the part of either Eljay [Jay Lay Jay Corp.] or Ramrod [Record Products, Inc.] or both, continuing for more than fifteen (15) days after written notice of default, Jiffy shall have the right to substitute itself for Eljay and/or Ramrod in any appropriate respect, to the end that Jiffy may itself complete all undertakings of Eljay and/or Ramrod hereunder." These provisions are not, however, such as to authorize Jiffy or its assignee (plaintiff) to sue Paar derivatively upon causes of action, if any, vested in Eljay (or Jay Lay Jay Corporation, successor to Eljay) and Ramrod (Record Products, Inc.) against Paar. Fairly and properly construed, such provisions merely authorize Jiffy to perform the contractual undertakings or obligations of Eljay and Ramrod under the Jiffy Sew agreement. The performance of such undertakings could relieve Eljay or Ramrod of any "default" under the said agreement but such performance would not vest Jiffy with the right to directly sue Paar on the causes of action alleged. Paar was not a party to the "Jiffy Sew Agreement" and furthermore, as aforesaid, his contractual obligations are limited to those assumed by him in the writings. Finally, it appears that the award of the arbitrators in the arbitration proceeding, to which Paar was not a party, merely

confirms the provisions of the contract as written. The award, by its terms, does not purport to vary or amplify such provisions, or to assign to plaintiff or vest it with the right to sue upon the causes of action, if any, in favor of Jay Lay Jay Corporation and Record Products, Inc., against Paar. Concur— Botein, P. J., Stevens, Eager, Capozzoli and McGivern, JJ.