■ COUNTY NATIONAL BANK, Appellant, v. EDITH M. GRUNWALD, Defendant, and GERTRUDE LIEDARSON, Respondent.— Order of the Supreme Court, Nassau County, dated November 9, 1967, reversed, on the law, with $10 costs and disbursements, and plaintiff's motion for summary judgment against defendant Liedarson granted, with the amount and extent of the damages to be determined upon an assessment hearing. No questions of fact are determined on this appeal. In our opinion, the terms of the guarantee agreement upon which plaintiff sues, under which defendant Liedarson guaranteed payment of "all monies that are now due and payable" from specified third parties, may not be varied by parol evidence that Liedarson thought that, instead of indebtednesses upon which plaintiff had sued the third parties and of which actions and their culmination in a settlement agreement Liedarson allegedly was ignorant, she was guaranteeing "an open account which would have been paid in accordance with normal banking procedures or within the terms of an ordinary loan." Moreover, subdivision 2 of section 5-701 of the General Obligations Law does not require that the guarantee agreement signed by Liedarson specifically describe the obligations of the third parties under the settlement agreement pursuant to which the third parties gave the guarantee instrument to plaintiff. It is sufficient that the indebtednesses that underlay the settlement agreement are included within the scope of the language of Liedarson's undertaking in the guarantee agreement subscribed by her. Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Martuscello, JJ., concur.

■ CARMELA D'ARPE, Respondent, v. GENE D'ARPE, Appellant.— Judgment and order of the Supreme Court, Queens County, dated respectively November 29, 1967 and December 13, 1967, affirmed insofar as appealed from, with costs. No opinion. We have not reviewed the trial court's refusal to modify the judgment previously entered for arrears in payments (Domestic Relations Law, § 244). Beldock, P. J., Christ, Benjamin, Munder and Martuscello, JJ., concur.

■ In the Matter of DEMISAY, INC., Respondent, v. MICHAEL N. PETITO et al., Constituting the Town Board of the Town of Oyster Bay, Appellants.— Judgment of the Supreme Court, Nassau County, dated November 28, 1967, modified, on the law, by (1) striking therefrom the second decretal paragraph, which directs remission of the matter for the sole purpose of determining whether petitioner's present use is a lawful nonconforming use and (2) substituting therefor a provision remitting the matter to the appellant board for a plenary hearing in accordance with the views herein set forth. As so modified, judgment affirmed, with $10 costs and disbursements. No questions of fact were considered on this appeal. In our opinion, the conclusory findings made by the appellant Town Board were not supported by the facts adduced at the public hearing and, hence, the learned Special Term properly annulled the board's determination. On the rehearing which has been ordered the pivotal consideration should be whether the town can demonstrate that the proposed use will be detrimental to or will adversely affect the public health, safety, morals or general welfare of the community. It is our view that the question of whether the present use is a lawful nonconforming use may be of some relevance to the ultimate determination of whether a special use permit ought to be issued, but it is not dispositive of that issue. Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Martuscello, JJ., concur.