Emmett J. Schnepp, J.
On the oral argument the motion for a preclusion order was withdrawn, and plaintiff’s motion for summary judgment against J. Gottermeier Development Co., Inc., was granted. • Decision was reserved on the remaining motions.
Plaintiff is the holder of a note dated February 4, 1969, payable to its order on May 5, 1969, made by the defendant corporation and signed by John B. Gottermeier as its president. On the reverse side of the note the signature of “ John B. Gottermeier ” appears under a printed guarantee agreement. On July 15, 1964 Eleanor J. Gottermeier executed an instrument under which “ in consideration of an extension of credit ” by plaintiff to the defendant John B. Gottermeier, she guaranteed payment of any of his indebtedness to the plaintiff to the extent of $8,000. On these facts, plaintiff seeks judgment for the amount due on the note against the defendants; the corporation, as maker, John B. Gottermeier, as indorser and Eleanor J. Gottermeier, as guarantor.
John B. Gottermeier claims that his indorsement was made in his capacity as president of the defendant corporation and not as an individual, that he is not personally obligated on the note, and that parol evidence is admissible on the trial to prove the foregoing. Neither the name of the corporation, which he claims he represented, nor the nature of the representative capacity, in which he claims he acted, appears on the portion of the instrument which bears his indorsement. Under these facts, he is personally obligated by reason of his indorsement of the note, and *678 parol evidence is inadmissible to prove that he indorsed the note in a representative capacity. (Uniform Commercial Code, § 3-403, snbd. [2], par. [a]; Purgold v. Hachtmann & Co., 201 N. Y. S. 76, affd. 204 App. Div. 864; cf. Chips Distr. Corp. v. Smith, 48 Misc 2d 1079.) Accordingly plaintiff’s motion for summary judgment against him is granted.
Eleanor B. Gottermeier claims that her guarantee agreement as applied to the facts herein is without consideration and of no force and effect. The question therefore to be resolved is whether her responsibility extends to the liability of John G. Gottermeier as an indorser of the corporate note, that is, whether his liability here constitutes an indebtedness arising from an extension of credit to him by the plaintiff. From the moving papers it appears that plaintiff required the guarantee of payment of the note by John B. Gottermeier because of the limited financial resources of the corporation.
The rule that the guarantor should not be bound beyond the express terms of his guarantee (Wesselman v. Engel Co., 309 N. Y. 27) has been applied to hold that a guarantee will be limited to the transaction for which it was given, unless its terms clearly import a continuing liability, (Trimline Window Frame v. Rural New Yorker, 8 Misc 2d 645) and to hold that a guarantee extended only to outstanding rather than future obligations. (Dunkirk Trust Co. v. Schmitt, 316 F. 2d 537, construing New York law.) In other words, the strict rule governing contracts of this character must be applied when the language is unambiguous, and the contract must be interpreted to accord with the apparent intention of the parties, and cannot be extended beyond its plain terms. (Evansville Nat. Bank v. Kaufmann, 93 N. Y. 273.)
It is further a familiar rule that consideration is necessary to render a guarantee valid, and this may be one furnished by the maker of the note to the guarantor, of which there is no proof here, or by the plaintiff promisee either to the corporate maker or to some other person according to the terms of the guarantee. (Evansville Nat. Bank. v. Kaufmann, supra.) The consideration recited in her guarantee is the extension of credit by the plaintiff to John B. Gottermeier.
The plain language of her guarantee does not include payment of all the indebtedness of John B. Gottermeier to plaintiff, such as one arising from his acting as a guarantor or indorser of the note of another (cf. Grill v. Manufacturers Trust Co., 54 N. Y. S. 2d 98, affd. 269 App. Div. 931) or of any or every obligation or liability or of any “indirect” extension of credit such as his *679 indorsement of the note herein. (Cf. Franklin Nat. Bank v. Palm Beach Builders, 28 Misc 2d 986.) By the guarantee here, Eleanor J. Gottermeier made her credit with plaintiff available to John B. Gottermeier, but she did not give the same privilege to the defendant corporation.
It is apparent that the endeavor to impose liability on her comes as an afterthought. No inference can be permitted from the proofs that any of the parties had the corporation in mind when her guarantee was executed or that in fact the corporation then existed, or that her pre-existing guarantee played any part in plaintiff’s decision to make the corporate loan, and in this respect the burden is upon plaintiff to submit evidentiary facts in opposition to the motion for summary judgment and demonstrates the existence of a triable issue of an ultimate fact. (Indig v. Finkelstein, 23 N Y 2d 728.) The guarantee agreement here cannot be extended to include the transaction between plaintiff and the corporation, and the indorsement of John B, Gottermeier is not within the obligation of Eleanor J. Gottermeier under her agreement with plaintiff. Indeed the transaction rather than involving an extension of credit by the plaintiff to John B. Gottermeier consists of the pledge of his credit as security for the extension of credit by the plaintiff to the corporation.
Accordingly, it is held that on this question there is no triable issue of fact and the motion of Eleanor J. Gottermeier for summary judgment is granted.