■ CHEMICAL BANK, Appellant, v. MAXINE WASSERMAN, Respondent, et al., Defendants.— Order, Supreme Court, New York County, entered June 15, 1973, granting summary judgment against all defendants but the defendant Maxine Wasserman, modified, on the law, to the extent of also granting summary judgment against the defendant Maxine Wasserman and directing the clerk to enter judgment against all defendants including Maxine Wasserman, and otherwise affirmed, without costs and without disbursements. The individual defendants had signed guarantees for the benefit of the defendant Hastings Plastic Corp. (Hastings). The language in the guarantee signed by Maxine Wasserman (Maxine) provided that it was absolute, unconditional and continuing with respect to "all liabilities of the borrower [Hastings] to the bank of whatever nature, whether now existing or hereinafter incurred". The guarantee further provided that waiver or modification of its provisions could only be effectuated in writing. The guarantee in the case at bar was signed by Maxine in December of 1967 and the initial Hastings loan which was the predicate for that guarantee was concededly repaid in full in January of 1970. A subsequent loan was made to Hastings in November of 1970. Default in payment on this subsequent loan resulted in the present lawsuit naming Maxine, as a codefendant. The bank had obtained additional guarantees on the new loan but Maxine had not signed any additional guarantee for this second loan. Maxine's claim is that an officer of the plaintiff bank orally terminated her obligations under the 1967 guarantee. That alleged oral agreement, however, cannot operate to terminate Maxine's obligation and does not create a triable issue of fact (General Obligations Law, § 15-301; cf. *Manufacturers Hanover Trust Co.* v. *Trans Nat. Communications*, 36 A D 2d 709). The fact that the bank obtained a new guarantee on the subsequent loan does not extinguish the initial obligation of Maxine absent a writing to that effect (cf. *Griggs* v. *Day*, 136 N. Y. 152, 159), and furthermore, without such a writing, Maxine is estopped from denying the validity of the original written agreement (*Mount Vernon Trust Co.* v. *Bergoff*, 272 N. Y. 192; *Manufacturers Trust Co.* v. *Palmer*, 13 A D 2d 772). Concur — Lupiano, Capozzoli and Lane, JJ.; Nunez, J. P., and Kupferman, J., dissent in the following memorandum by Kupferman, J.: We would affirm and deny summary judgment to the plaintiff as against the defendant Maxine Wasserman. In *Green* v. *Doniger* (300 N. Y. 238), it was held that an abandonment of a written agreement can be achieved by an oral

understanding despite language in the written agreement prohibiting a change unless in writing. This interpretation of section 33-c of the Personal Property Law, now section 15–301 of the General Obligations Law, is the law of the State of New York, unless the 1952 amendments changed the situation. However, as the Practice Commentary by Ralph D. Semerad (McKinney's Cons. Laws of N. Y., Book 23A, General Obligations Law, § 15–301, p. 588) states: "The requirement of a writing does not apply to executed modifications or discharges, but only to executory agreements." In this case, the 1967 guarantee was for a loan that was repaid in 1970. Thereafter, a subsequent loan was made to the corporation at a *different* branch of the plaintiff's bank, and at that time the bank obtained additional guarantees, but the defendant Maxine Wasserman signed nothing further. It is the contention of the defendant Maxine Wasserman that a bank officer orally terminated her obligations under the 1967 guarantee, when the loan for which it was originally given was paid. Therefore, this case is unlike the situation in *Manufacturers Hanover Trust* v. *Trans Nat. Communications* (36 A D 2d 709). At the time that it is claimed the recipient of the guarantee acknowledged its abandonment or termination, there was no claim under it, and it was a bare undertaking. The teaching of *Green* v. *Doniger* (*supra*), clearly applies, and the factual issue remains as to whether the oral cancellation was accepted.