■ FIRST NATIONAL CITY BANK, Appellant, v HERBERT W. COOPER, Respondent.—Order, Supreme Court, New York County, entered November 14, 1974, denying plaintiff's motion for summary judgment, unanimously reversed, on the law, and the motion granted, with $60 costs and disbursements to appellant. Belmont Merchandise Corp. (Belmont) engaged in the general merchandising business, involving the purchase and sale of a variety of goods. Financing of these purchases was effectuated through the First National City Bank (FNCB), which, upon presentation of a document of title by Belmont, would advance up to 70% of the purchase price. The defendant Herbert Cooper was named as the president of Belmont, though defendant urges that he only accepted that designation as an accommodation to his father, William, and that he (Herbert) took no active part in the daily operations of Belmont. In any event, Herbert signed as guarantor of 11 demand notes which guarantee, by its terms, was absolute and unconditional. Belmont ultimately went into bankruptcy and its assets were sold at auction and credited by FNCB to its account. The instant lawsuit, insofar as appealed from, involves the balance due on these 11 notes. Special Term denied summary judgment, finding issues of fact extant worthy of resolution by plenary suit. We disagree. The public policy of the State of New York mandates that a person signing an instrument for the accommodation of a bank which, in its form, is a binding obligation, is estopped from enforcing an alleged oral agreement not to enforce the instrument according to its terms *(Mount Vernon Trust Co. v Bergoff,* 272 NY 192; *Rothschild v Manufacturers Trust Co.,* 279 NY 355; *Manufacturers Hanover Trust Co. v Trans Nat. Communications,* 36 AD2d 709, affd 29 NY2d 919; *Chemical Bank v Wasserman,* 45 AD2d 703, affd 37 NY2d 249). Furthermore, notes incomplete prior to signing may be subsequently completed if authority therefor is given (Uniform Commercial Code, § 3-115, subd [1]), which authority is implicit when proceeds of the note are accepted by the obligor, as in the case at bar, without objection. Therefore, the alleged friendly oral agreement with the bank personnel not to enforce the notes, as well as the

allegation that the notes when signed were blank, even if true, would not bar summary judgment. The allegation that the bank sold the collateral improperly and at a depressed value similarly cannot bar the granting of relief to FNCB. The guarantee specifically authorized the sale of the collateral "without notice to or further assent from the undersigned (or any of us)," and further provided that the signatories "will remain bound upon this guaranty notwithstanding any such charges, surrender or extension." In any event, the sale was approved by the referee in bankruptcy and no objection was made by the trustee in bankruptcy of Belmont, the defendant, or his father at the time of the sale. The naked assertions of impropriety in the sale cannot therefore overcome the presumption that the sale of the collateral was effectuated in a commercially reasonable fashion (Uniform Commercial Code, §§ 9-504, 9-507, subd [2]). We have accordingly granted summary judgment to the plaintiff. Settle order on notice. Concur—Kupferman, J. P., Murphy, Tilzer, Capozzoli and Lane, JJ.