Paul Creditor, J.
These are cross motions for summary judgment. On November 7, 1974, plaintiffs contracted with Carolyn Reader for the sale of her home at 28 DeKalb Avenue, Brentwood. Her attorney, who is the defendant here, held plaintiff’s deposit of $2,000 in escrow pending closing of title, pursuant to the terms of the sale contract. The contract is conditioned upon the buyers’ obtaining an FHA mortgage commitment within 45 days from the contract date, with the proviso that if the commitment is not obtained within that time period, then the contract shall immediately become null and void.
Plaintiffs obtained a "conditional commitment” from FHA dated December 16, 1974, a date within the 45-day limit expressed in the contract. The seller was issued a copy of same, which was received December 19, 1974. The FHA issued plaintiffs a firm commitment, dated January 15, 1975, 25 days after the 45-day limit set forth in the contract. Defendant received a copy of this commitment on January 27, 1975. Thereafter, the parties scheduled a closing date of March 5, 1975. On February 28, 1975, defendant received a letter from plaintiff’s attorney dated February 27, stating that due to the serious marital problems between the plaintiffs, they would not be able to take title to the property on March 5. This letter made no reference to the provision in the contract allowing nullification of it, should the plaintiffs fail to obtain an FHA commitment within 45 days, nor does it express a preference upon plaintiffs’ part to treat the sales contract as null and void at that time.
Plaintiffs’ first written notice to defendant of a desire to treat the contract as a nullity, was expressed via a letter from their attorneys dated March 21, 1975. Plaintiffs’ attorneys recollect that a telephone message to this effect may have been made to the defendant one or two weeks prior to the date of the written notice.
Plaintiffs have moved for summary judgment against de *443 fendant, and an order directing him to pay over the $2,000 held in escrow. Defendant cross-moves for summary judgment dismissing the complaint on the grounds that the cause of action has no merit, and also, for an order permitting release of the escrow funds to the seller.
The plaintiffs argue that since there was no written modification of the contract of sale, it should be deemed a nullity because it expressly stated that any modifications must be made in writing. Plaintiffs further argue that section 15-301 of the General Obligations Law precluded any modification of the contract, except by a writing signed by the parties.
Defendant argues that the contract was orally modified and that by the plaintiffs’ action, they exhibited an intent not to treat the contract as a nullity after expiration of the 45 days. Defendant argues that plaintiffs’ action in accepting the conditional mortgage commitment, proceeding to accept the firm commitment, and scheduling the closing — all indicate an intent to treat the contract as effective beyond the 45-day period.
Section 15-301 of the General Obligations Law states that a contract containing a provision that it cannot be changed orally, cannot be changed, discharged or terminated by an oral executory agreement or oral notice.
Plaintiffs argue that continuation of the contract beyond the 45 days amounted to a modification, which, since not reduced to writing, made the contract null and void on the 46th day. The contract language to this effect states in the rider that: "In the event a commitment for such loan is not obtained from the Federal Housing Administration within 45 days of the date of the date hereof, then this contract shall immediately become null and void, unless the time is extended by the parties by written agreement.” The main body of the contract states that it cannot be terminated orally.
Section 15-301 of the General Obligations Law and its predecessor, section 282 of the Real Property Law, in referring to oral "changes” in executory contracts, have been interpreted to relate to actual changes of terms as opposed to waivers of a condition that has the sole effect of keeping the contract viable to the mutual benefit of both parties. (Jiffy Sew Corp. v Paar, 29 AD2d 643; Chemical Bank v Wasserman, 45 AD2d 703; Young v Bohling, 202 NYS2d 826.)
In this case, no alteration of contract terms is involved; the only so-called "change” at issue is the parties’ demonstrated *444 mutual agreement to keep the contract viable by excusing the condition that the firm commitment be obtained within 45 days. Waiver of a condition in this manner is a manifestation by the parties of an intention to forego the benefit of the condition. In this instance, both parties, on the 46th day, had the right to terminate the contract, but instead, both demonstrated an intent to continue performance without it. Such a waiver amounts to a mutual assurance that the parties will disregard the condition and continue performance and is supported by consideration or a material change in position amounting to an estoppel. (Restatement, Contracts, § 88, subd [2].) Here, the seller having the right to abandon the contract, kept it open and held the premises in reserve for the buyers. The buyers proceeded to secure a firm FHA commitment within 25 days after the 45-day contract limitation, and to arrange for a closing date.
When the parties mutually agree to treat a contract as viable, which by its terms, has become null and void, a new contract comes into being, identical to the old one, except for the waived condition. The promisor is estopped from subsequently claiming the contract is void after the promisee has materially changed his position in reliance on the contract’s continued validity. Since a new contract has actually been substituted without the condition, subdivision 1 of section 15-301 of the General Obligations Law does not apply to it, because there is now a new contract, without the condition which would have automatically terminated the old contract. In this instance, the buyer cannot have the contract both ways; i.e., claim it was null and void as of the 46th day, yet subsequent to that date, permit the seller to accept a firm mortgage commitment, keep the house off the market, and make closing arrangements. Thus, it is this court’s opinion that a waiver of a condition which has the effect only of extending the life of the contract while not altering any terms, falls outside the scope of section 15-301 of the General Obligations Law, and such a change, in effect, creating a new contract, may be evidenced by the conduct of the parties.
The unhappy problem of the plaintiffs’ marital difficulties became a factor causing their default after they had effectively reinstated the contract. This was not brought to defendant’s attention until he was notified, one week in advance, that the scheduled closing date would have to be cancelled due to marital problems. In the situation of willful default by the *445 buyer, the law permits the seller to keep any installments already paid. (Silverstein v United Cerebral Palsey Assn. of Westchester County; 17 AD2d 160; Poggioli v Liebegott, 77 Misc 2d 449.)
It appears that plaintiffs’ default was willful and that the seller is entitled to keep the money deposited in escrow. Summary judgment for defendant. Defendant is directed to deliver the deposit in the escrow fund to the seller.