In re Ira **ALTCHEK, Debtor.**

Ira **ALTCHEK, Plaintiff,**

v.

Iris **ALTCHEK, Gardenia Realty Associates, Gardenia Realty Two Associates, Inc., Gardenia 112 Rogers Ave. Associates, Salem Realty, Gardenia Development Corp., First Gardenia Properties, Inc., Flatbush Pacific Development Corp., Gardenia Management Corp., Salemo Development Corp., Melas Realty, Inc., Gardenia 234 8th Street Associates, Gardenia 653–655 Franklin Avenue, Associates Gardenia 815 St. John Place Assoc. Gardenia 731 Dean Street Assoc., Gardenia 730 Franklin Ave. Associates, Gardenia 794 Classon Ave., Associates, Gardenia 298 12th Street Associates, 392 St. Mark's Realty, Inc., Gardenia 435 13th Street Associates, Gardenia 437 13th Street Associates, Gardenia 111 Kane Street Condominiums, Gardenia 622 Nostrand Associates, Gardenia Sales Corp., Ajems Development Corp., Gardenia Holden, Inc., Gardenia 765 Park Place Assoc., Gardenia 1037 Bergen Associates, Gardenia 516 Sterling Place Associates, 399 Columbia Associates, Gardenia 113 Kane Associates, Gardenia 71 Underhill Associates, Gardenia 944 Fulton Street Associates, Gardenia Hancock Associates, Gardenia 912 Associates, Defendants.**

**Bankruptcy Nos. 90 B 20462, 90 ADV. 6096.**

United States Bankruptcy Court, S.D. New York.

Sept. 27, 1990.

Kurtzman & Haspel, Nanuet, N.Y., for defendants.

Shatz, Meier & Scher, New York City, for debtors.

### DECISION ON MOTION TO DISMISS, ABSTAIN AND FOR MORE DEFINITE STATEMENT

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The defendants in this adversary proceeding seek alternative relief with respect to the complaint filed by the Chapter 11 debtor. The defendants have moved for a dismissal of the adversary proceeding pursuant to Fed.R.Civ.P. Rule 12, as adopted by Bankruptcy Rule 7012, on the ground that the complaint does not contain the jurisdictional allegation required by Bankruptcy Rule 7008(a), that the proceeding is core or noncore. Alternatively, the defendants seek abstention in accordance with 28 U.S.C. § 1334(c)(2) or a more definite statement pursuant to Fed.R.Civ.P. Rule 12(e), as adopted by Bankruptcy Rule 7012.

The complaint filed by the Chapter 11 debtor in this adversary proceeding alleges three claims for relief. In the first claim, the debtor seeks to enforce an indemnification agreement allegedly made by the defendants whereby they agreed to indemnity the debtor for a $275,000.00 judgment obtained against him by the United Jersey Bank. The second claim is for a declaratory judgment that the defendants are liable to the debtor for a $275,000.00 judgment obtained against the debtor by the United Jersey Bank. The third claim is based on an alleged assignment to the debtor by the debtor's accounting firm of Altchek & Teich, P.C. of its claim for accounting and management services performed by the debtor's accounting firm for the benefit of the defendants in accordance with a written agreement with them.

The debtor is an accountant and resident of Rockland County, New York who filed a voluntary petition with the court on May 25, 1990, pursuant to Chapter 11 of the Bankruptcy Code. He continues to operate and manage his business as a debtor in possession in accordance with 11 U.S.C. §§ 1107 and 1108.

The complaint alleges that the defendant, Iris Altchek, (the debtor's ex-wife), is a partner and general partner and/or principal of each of the partnership and corporate entities also named as defendants.

The other defendants are alleged to be partnership or corporate entities which are inter-related and interlocked and operated collectively as the "Gardenia Organization." The complaint alleges in conclusory fashion that each entity of the "Gardenia Organization" is liable for the obligations of the others.

The debtor further alleges that he acted as an agent for the defendants and entered into various loan agreements with banking and lending entities, including the United Jersey Bank, and borrowed monies which were then given to the "Gardenia Organization" and its entities to purchase real estate for them, for which the defendants agreed to indemnify the debtor. Accordingly, the debtor seeks to hold the defendants liable under the alleged indemnification agreement for all such obligations, including the $275,000.00 judgment against him which was obtained by the United Jersey Bank.

### DISCUSSION

Bankruptcy Rule 7008(a) provides in relevant part as follows:

> In an adversary proceeding before a bankruptcy judge, the complaint, counterclaim, cross-claim, or third party complaint *shall* contain a statement that the proceeding is core or noncore and, if noncore, that the pleader does or does not consent to entry of final orders or judgment by the bankruptcy judge. (Emphasis added).

The complaint in this adversary proceeding does not comply with Bankruptcy Rule 7008(a) in that it fails to allege that the proceeding is core or noncore. This defect in pleading also implicates the defendants' alternate motion for abstention because if the adversary proceeding is classified as a core matter under 28 U.S.C. § 157(b)(2)(B), mandatory abstention would be inappropriate. *See In re Texaco Inc.*, 109 B.R. 609 (S.D.N.Y.1989).

In opposition to the defendants' motion, the debtor asserts that the indemnification agreement by the defendants in fa-

vor of the debtor and the accounts receivable which the debtor's firm assigned to him are substantial assets of the debtor's estate which the debtor wishes to marshal for the purpose of an orderly reorganization. Hence, the debtor concludes that his collection under the alleged indemnity agreement and his action to recover the assigned accounts receivable constitute matters which are central to the administration of his estate and, as such, are core proceedings. The fact that the alleged assets are important for purposes of the debtor's reorganization does not mean that an action by the debtor to collect these assets constitutes a core proceeding. A proceeding arising in or under a title 11 case is one which would have no existence outside of the bankruptcy case. *In re Wood*, 825 F.2d 90, 97 (5th Cir.1987); *Kolinsky v. Russ (In re Kolinsky)*, 100 B.R. 695, 701 (Bankr.S.D.N.Y.1989) (the proceeding must invoke a substantive right provided by title 11). The test for determining whether a civil proceeding is related to a bankruptcy case is "whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Pacor v. Higgins*, 743 F.2d 984, 994 (3rd Cir.1984); *In re Kolinsky*, 100 B.R. at 702.

The debtor's state-law causes of action for indemnification and the collection of accounts receivable are not core matters because they do not invoke a substantive right provided by title 11 and are not central to the bankruptcy court's function in administering the estate of the debtor. A resolution of the debtor's state-law causes of action would affect the amount of property available for distribution to the creditors and should be classified as "otherwise" related to a case under title 11 within the meaning of 28 U.S.C. § 157(c). The test for determining whether a civil proceeding is related to a bankruptcy case is "whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Pacor v. Higgins*, 743 F.2d 984, 994 (3rd Cir.1984); *In re Kolinsky*, 100 B.R. at 702.

In view of the fact that the debtor's claims do not constitute core matters, the issue of abstention must be considered.

Mandatory abstention is available under 28 U.S.C. § 1334(c)(2) only "if an action is commenced ... in a State forum of appropriate jurisdiction." *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). Thus, the prerequisite for mandatory abstention under 28 U.S.C. § 1334(c)(2) is a pending state court case with appropriate jurisdiction. *In re Kolinsky*, 100 B.R. at 704. Because no state court action is pending with respect to the debtor's claims, it follows that mandatory abstention is unavailable to the defendants.

For purposes of discretionary abstention under 28 U.S.C. § 1334(c)(1), the movant must establish that abstention is warranted because of (1) the interest of justice; (2) the interest of comity with state courts; or (3) respect for state law. As to the interest of comity with state courts, there is no action pending in state courts covering the same subject matter as is asserted in the debtor's complaint. *See Climate Control Engineers, Inc. v. Southern Landmark, Inc., (In re Climate Control Engineers, Inc.)*, 51 B.R. 359, 363 (Bankr. M.D.Fla.1985). Similarly, because there is no pending court action, there is no conflict with the interest of comity with state courts. As to the requirement regarding respect for state law, the debtor's claims for indemnity and the collection of assigned accounts receivable, there is no question as to unsettled issues of state law or matters of substantial public importance. *See United Security & Communications, Inc. v. Rite Aid Corp., (In re United Security & Communications, Inc.)*, 93 B.R. 945, 961 (Bankr.S.D.Ohio 1988); *Earle Industries, Inc. v. Circuit Engineering, Inc. (In re Earle Industries, Inc.)*, 72 B.R. 131, 133 (Bankr.E.D.Pa.1987); *Ram Construction Company, Inc. v. Port Authority of Allegheny County, (In re Ram Construction Company, Inc.*, 49 B.R. 363, 367 (W.D.Pa. 1985). Therefore, discretionary abstention should not be granted.

Not only is the complaint defective for failing to allege whether or not the claims are core or noncore matters, as required by Bankruptcy Rule 7008(a), but the defendants are entitled to know the basis for the debtor's claim for indemnification. The debtor does not specify which defendants indemnified the debtor nor does the complaint plead any facts which would reflect how any of the defendants are liable to the debtor under an indemnity agreement. The conclusory statement that the defendants are "interrelated and interlocked" does not convey sufficient facts to enable the defendants to answer the complaint.

Similarly, that the accounting firm of Altchek & Teich, P.C. assigned 65% of its claim to the debtor for services rendered to the defendants does not reveal sufficient information as to the liability of each defendant to the debtor. The complaint further alleges that the debtor holds a claim based on a promissory note. The complaint does not specify which defendant issued the promissory note, nor does the complaint state the name of the promisee. Each of the defendants is entitled to know the basis of its liability, if any, to the debtor under the vaguely referred to promissory note. Accordingly, the complaint should be repleaded so that the defendants may have a more definite statement in order to frame a responsive pleading, as authorized under Fed.R.Civ.P. 12(e), and as made applicable under Bankruptcy Rule 7012.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). The complaint does not allege that the adversary proceeding is core or noncore, as required by Bankruptcy Rule 7008(a).

2. The defendants have not established a basis for abstention under 28 U.S.C. § 1334(c)(2) or § 1334(c)(1). Therefore, the defendants' motion for abstention is denied.

3. The defendants' motion to dismiss the complaint for failing to comply with Bankruptcy Rule 7008(a) and for a more definite statement in accordance with Fed. R.Civ.P. Rule 12(e), as adopted by Bankruptcy Rule 7012, is granted, with leave to the defendants to replead their claims so as to comply with the foregoing pleading requirements.

SETTLE ORDER on notice.