■ FRANKLIN NATIONAL BANK OF LONG ISLAND, Respondent, v. S. & L. CONSTRUCTION CORP. et al., Defendants, and JOSEPH A. NITTI et al., Appellants. — In an action to recover upon a note and upon a " Guarantee of All Liability " previously executed by the individual defendants, the defendants Nitti and the defendants Sagliocca appeal from a judgment of the Supreme Court, Nassau County, entered September 26, 1961, upon an order of said court, dated September 19, 1961, which *inter alia,* granted plaintiff's motion for summary judgment against them in the sum of $15,484.80 plus interest and costs, struck out their amended answer and denied their cross motion for judgment dismissing the amended complaint. Judgment affirmed, with $10 costs and disbursements. In our opinion, said defendants' severance of their connection with Grove Construction Corp., the borrower, did not terminate their guarantee of obligations to be incurred by it in favor of the plaintiff. Nor does receipt by plaintiff of the corporate resolution changing signatories of its bank account and plaintiff's receipt of the subsequent application for a loan to the corporation with the authorization of persons other than said defendants as sole stockholders, constitute notice of their termination of their guarantee as provided in the agreement signed by them (*Associated Food Stores* v. *Siegel,* 10 A D 2d 1003, affd. 9 N Y 2d 816). The other points raised by said defendants furnish no ground for reversal. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.

■ MARGARET GARCIA, Respondent, v. HAMILTON FEDERAL SAVINGS AND LOAN ASSOCIATION, Appellant.— In an action to recover damages for personal injuries suffered by plaintiff when she fell on a concrete step while leaving defendant's bank premises after having made a deposit, defendant appeals from a judgment of the Supreme Court, Kings County, entered April 28, 1961, after trial, upon a jury's verdict for $14,200 in favor of the plaintiff. Judgment reversed on the law, without costs, and complaint dismissed. In our opinion, plaintiff failed as a matter of law to establish any negligence on the part of defendant (*De Salvo* v. *Stanley-Mark-Strand Corp.,* 281 N. Y. 333; cf. *Savignano* v. *City of New York,* 263 App. Div. 823; *Brooks* v. *Bergdorf-Goodman Co.,* 5 A D 2d 162). We have considered all the facts; and, if we did not reverse the judgment and dismiss the complaint on the law, we would affirm the judgment and all the findings of fact implicit in the the jury's verdict. Kleinfeld, Acting P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.

■ WALTER GROSS, Appellant, v. GEORGE N. WISE, Respondent.— In an action to recover damages alleged to have been sustained as the result of malpractice, plaintiff appeals from a judgment of the Supreme Court, Richmond County, entered November 22, 1961, which dismissed his complaint upon the opening statement of his counsel to the jury on the trial, and upon such counsel's offer of proof to the court in the absence of the jury. Judgment affirmed, without costs. In his offer of proof plaintiff's counsel conceded that the last alleged act of malpractice occurred on July 16, 1954 and that, while treatment was rendered by defendant subsequent thereto on at least 39 occasions until April of 1957, there was no claim by plaintiff that this latter treatment was improper. The action was commenced in July, 1957. In our opinion, based on the offer of proof, the alleged malpractice was not a continuing wrong; hence, the action is barred by the two-year limitation period (Civ. Prac. Act, § 50, subd. 1; *Hammer* v. *Rosen,* 7 N Y 2d 376; *Nervick* v. *Fine,* 195 Misc. 464, affd. 275 App. Div. 1043; *Conklin* v. *Draper,* 229 App. Div. 227, affd. 254 N. Y. 620; *Matthews* v. *Pisani,* 8 A D 2d 854, motion for leave to appeal denied 7 N Y 2d 708). Ughetta, Acting P. J., Kleinfeld, Hill, Rabin and Hopkins, JJ., concur.