■ MEADOW BROOK NATIONAL BANK, Appellant, v. ROBERT D. LEHMANN et al., Defendants, and HARRY ROSENZWEIG, Respondent.— Order, entered November 14, 1966, denying plaintiff's motion for summary judgment against defendant Rosenzweig, unanimously reversed, on the law, with $50 costs and disbursements to the plaintiff, and motion granted, with $10 costs. The guarantee signed by said defendant was on the plaintiff bank's standard printed form and contained, among others, the following provision : " This instrument contains the entire agreement between the parties, who have made no representations, warranties or promises other than those contained herein. No change, modification, waiver or discharge of any of the obligations of the Guarantor hereunder shall be effective unless in writing signed by the Bank." The written guarantee, as signed and delivered by the defendant, was complete in every respect with only the name of the principal obligor and the date of the instrument to be inserted. Under the circumstances, the parol evidence rule and public policy considerations preclude defendant from establishing the alleged defense that he signed and delivered the guarantee pursuant to a prior or contemporaneous oral promise by an officer of the plaintiff bank that said officer would " fill in " the " blank guaranty * * * to provide for a guarantee solely" on the original note and that on a renewal thereof " [defendant's] guaranty would expire." (See *Mount Vernon Trust Co.* v. *Bergoff*, 272 N. Y. 192; *Manufacturers Trust Co.* v. *Palmer*, 13 A D 2d 772; *Royal Nat. Bank of New York* v. *Central Park Towers Constr. Corp.*, 26 A D 2d 521.) Concur — Stevens, J. P., Eager, Steuer, Capozzoli and Tilzer, JJ.