■ ROYAL NATIONAL BANK OF NEW YORK, Appellant, v. SONWEL REALTY CORP. et al., Respondents.—Order, Supreme Court, New York County, entered on December 29, 1971, unanimously reversed, on the law, and plaintiff's motion for summary judgment pursuant to CPLR 3213 is granted for the principal amount due on the note including interest and attorneys' fees. Appellant shall recover of respondents $50 costs and disbursements of this appeal. The record conclusively establishes that a loan, as evidenced by a note payable on demand, was made to the defendant corporation, and that each of the individual defendants guaranteed the note. The numerous defenses asserted by the defendants are patently without merit and do not raise any triable issues of fact. The claim by the corporate defendant and the Lewsons that the loan was not made to the corporation but in fact was made to and for the benefit of the defendant Galin is belied by the documentary evidence and in any event, such defense is unavailable under the facts presented. (See *Leader* v. *Dinkler Mgt. Corp.*, 20 N Y 2d 393.) Defendant Galin's contention that the bank orally agreed not to proceed against him until all legal remedies against the Lewsons were exhausted is equally unavailing—for even if such agreement was made, it would not constitute a bar to recovery on the guarantee which Galin executed and delivered to the bank. (*Mt. Vernon Trust Co.* v. *Bergoff*, 272 N. Y. 192; *Meadowbrook Nat. Bank* v. *Bzura*, 20 A D 2d 287; *National Bank of North Amer.* v. *Around Clock Truck Serv.*, 58 Misc 2d 660.) So too, the Lewsons' position that they are discharged from any obligations under their written guarantees by virtue of the bank's alleged agreement with Galin to first seek payment from the Lewsons is without merit. As indicated, such oral agreement, if made, is inadmissible. Further, the terms of the guarantees signed by the defendants permit such an arrangement without effecting a discharge as to any of the coguarantors. As indicated, the record overwhelmingly establishes that the plaintiff is entitled to full recovery. Whatever the rights are as between the individual defendants, the plaintiff should not be placed in the middle of their dispute. Accordingly, summary judgment should be granted for the principal amount due on the note including interest and attorneys' fees. Settle order on notice. Concur— McGivern, J. P., Markewich, McNally, Tilzer and Capozzoli, JJ.