■ FRANKLIN L. POLLACK et al., Respondents, v. J. A. GREEN CONSTRUCTION CORP., Appellant.— In an action to reform a lease, defendant appeals from a judgment of the Supreme Court, Kings County, entered May 8, 1972, which, after a nonjury trial, enjoined it from taking any steps to evict plaintiffs (defendant's tenants) from its premises upon the ground that they harbor animals thereon. Judgment reversed, on the law, without costs, and complaint dismissed, without costs. Plaintiffs, tenants in defendant landlord's apartments, brought this action to reform a provision of their leases prohibiting animals on the demised premises. They presented testimony that defendant's renting agents had asserted that the provision in the leases prohibiting animals on the premises was a mere formality. Their evidence further was that defendant knew that plaintiffs were openly and notoriously maintaining animals on the premises and that, despite this fact, defendant accepted rent from them. Plaintiffs claim defendants thereby waived such prohibition. In addition,

plaintiffs contend that there is nothing in the leases suggesting that such a breach was substantial. Plaintiffs argue that the prohibition is unconscionable. We find no merit to these contentions and hold that defendant is entitled to dismissal of the action. The parol evidence rule forbids the use of oral evidence to vary the provisions of a written lease between the parties (*Mitchill v. Lath,* 247 N. Y. 377, 381). A prohibition against keeping animals by tenants is reasonable and enforceable (*Riverbay Corp.* v. *Klinghoffer,* 34 A D 2d 630) and constitutes a *substantial breach* of an occupancy agreement (*Lincoln Co-op. Apts.* v. *Zaifert,* 23 A D 2d 796). The defendant landlord's acceptance of rent from the plaintiff tenants, knowing of the breach, did not constitute a waiver of such a prohibition, as provided in article 22 of the leases, entitled "No Waiver" (see *Luna Park Housing Corp.* v. *Besser,* 38 A D 2d 713). Here the plain language and meaning of the leases and the appended rules required the tenants to strictly comply with the provision prohibiting the harboring of animals (article 9 of the leases; rule 17). Defendant made no representations or promises except those set forth in the leases (article 18 of the leases, entitled "No Representations by Landlord"). Receipt of rent by defendant from plaintiffs, knowing of their breach of the rule, did not constitute a waiver (article 22 of the leases). Hopkins, Acting P. J., Munder, Gulotta, Brennan and Benjamin, JJ., concur.