■ DELAWARE FUNDS, INC., Appellant, v. ZUCKERMAN-HONICKMAN, INC., Respondent.— Judgment unanimously reversed, on the law and facts, with costs and complaint dismissed. Memorandum: Delaware Funds, Inc. (Delaware), a New York corporation, by unilateral instrument dated July 10, 1970, undertook to guarantee the debts of Moyer Company, a Pennsylvania corporation, to Zuckerman-Honickman, Inc. (Zuckerman), a Pennsylvania corporation doing business with Moyer. Delaware is a major stockholder of Moyer and the guarantee was given to assure that Zuckerman would continue to supply Moyer with glass and plastic bottles. On or about August 17, 1970, Delaware mailed a letter to Zuckerman revoking its guarantee, but the letter apparently never came to the attention of the proper Zuckerman personnel. Between December 11, 1970 and January 8, 1971, Zuckerman sold bottles valued at $7,313.83 to Moyer. Moyer defaulted on the debt and Zuckerman brought an action against Delaware as guarantor. The trial court, sitting without a jury, entered judgment in favor of Zuckerman in the amount of $8,349.49, representing the value of the shipment plus interest, costs and disbursements. Its judgment was based upon a finding that the revocation was ineffective since, under the terms of the guarantee, the consent of Zuckerman was required for its termination. The July 10, 1970 undertaking by Delaware was in the nature of a continuing guarantee for "any and all present and future Moyer Company debts". It contemplated a series of future transactions between Zuckerman and Moyer and did not undertake to regulate their number (*Henry McShane Co.* v. *Padian,* 142 N. Y. 207). A continuing guarantee, as such it was, is in the nature of a continuing offer to guarantee a series of debts and may be revoked by the guarantor on notice to the creditor (*American Chain Co.* v. *Arrow Grip Mfg. Co.,* 134 Misc. 321; 10 *Williston, Contracts* [3d ed.], § 1253). The rule of *strictissimi juris* is applicable to contracts of guarantee and a guarantor should not be bound beyond the express terms of its agreement (*Wesselman* v. *Engel Co.,* 309 N. Y. 27). The terms of the guarantee herein must be read as allowing unilateral revocation by the guarantor. Since the guarantee was to exist for an unspecified duration, a contrary reading could bind Delaware to its role as

guarantor forever. (Appeal from judgment of Erie Trial Term in action on contract.) Present — Del Vecchio, J. P., Witmer, Moule, Cardamone and Henry, JJ.