■ NATIONAL BANK OF WESTCHESTER, Appellant, v DOGWOOD CONSTRUCTION CORP., Defendant, and Arlene Heitner, Respondent.—In an action on promissory notes and upon a guarantee of payment thereof, plaintiff, National Bank of Westchester (hereafter NBW), appeals from an order of the Supreme Court, Westchester County, entered October 22, 1973, which denied its motion (1) pursuant to CPLR 3211 (subd. [b]) to dismiss the defenses asserted by the defendant guarantor and (2) for summary judgment against said defendant. Order reversed, on the law, with $20 costs and disbursements, and motion granted. NBW commenced this suit against the maker and the guarantor of three unpaid short-term promissory notes which were executed in mid-1972. It is alleged that on February 14, 1972 respondent, the guarantor, an officer of defendant Dogwood Construction Corp. (the maker of the notes), executed and delivered a guarantee of payment of all obligations to NBW entered into by Dogwood. The instrument of guarantee was executed on the same day that NBW extended a $50,000 building loan mortgage to Dogwood. In pertinent part, the instrument of guarantee provides: "For valuable considerations * * * and to induce [NBW] at its option, *at any time or from time to time,* to extend financial accommodation, *with or without security* to or for account of Dogwood Construction Corp. (* * * 'Borrower') * * * (the term 'financial accommodation', including, without limitation, extension of loans, credit or accommodation, or discount or purchase of, or loans on, commercial paper, accounts receivable or other property, or entering into exchange contracts), the undersigned * * * hereby *unconditionally* guarantee(s) to [NBW], irrespective of the validity, regularity or enforceability of any instrument, writing or arrangement relating to any such financial accommodation (each such instrument, writing or arrangement being hereinafter referred to as,

and included in the term, 'Credit Arrangement') or of the obligations thereunder \* \* \* that the Borrower will promptly perform and observe every agreement and condition in any Credit Arrangement to be performed or observed by the Borrower, *that all sums stated to be payable in, or which became payable under, any Credit Arrangement, and all other sums which may be owing by the Borrower to the Bank now or hereafter,* will be promptly paid in full when due". (Emphasis supplied.) The three notes were not individually guaranteed by respondent, but it is urged by NBW that, as a matter of law, the above-quoted language in the instrument of guarantee directly and unambiguously created an unconditional guarantee of all loans NBW might thereafter make to Dogwood, including the three presently sued upon. The language of the guarantee, as emphasized in the above quotation, is replete with terms of future effect and contains no indication of a limitation solely to the February, 1972 building loan mortgage with which the guarantee was contemporaneously executed (see *Delaware Funds v Zuckerman-Honickman, Inc.,* 43 AD2d 889; *Talcott, Inc. v Bloom,* 29 AD2d 390). The language establishing a continuing guarantee is clear and unambiguous *(Trade Bank & Trust Co. v Goldberg,* 38 AD2d 405) and thus resort to extrinsic evidence to vary the terms of the written contract of guarantee is precluded *(General Phoenix Corp. v Cabot,* 300 NY 87; *County Nat. Bank v Grunwald,* 30 AD2d 663; *Talcott, Inc. v Bloom, supra).* Further, the rule of *Mount Vernon Trust Co. v Bergoff* (272 NY 192) is applicable to the instant case. As stated therein (p 196), "Public policy requires that a person who, for the accomodation of the bank executes an instrument which is in form a binding obligation, should be estopped from thereafter asserting that simultaneously the parties agreed that the instrument should not be enforced". The *Bergoff* rule is well-established in this State *(Royal Nat. Bank of New York v Sonwel Realty Corp.,* 39 AD2d 529; *Manufacturers Hanover Trust Co. v Trans Nat. Communications,* 36 AD2d 709; *Atlantic Bank of New York v Carnegie Hall Corp.,* 25 AD2d 301, 305) and has frequently been held to apply in situations similar to that in the instant case, i.e., where its application results in the granting of summary judgment against a guarantor *(Chemical Bank v Wasserman,* 45 AD2d 703; *Royal Nat. Bank of New York v Sonwel Realty Corp., supra; Meadow Brook Nat. Bank v Lehmann,* 27 AD2d 923). Respondent has failed to demonstrate the existence of any genuine triable issues of fact, and it is therefore proper to reverse and grant summary judgment against her. Hopkins, Acting P. J., Latham and Christ, JJ., concur; Shapiro, J., dissents and votes to affirm the order.