■ COMMUNITY NATIONAL BANK AND TRUST COMPANY OF NEW YORK, Appellant, v INTERCOASTAL TRADING CORP. et al., Defendants, and H. DOUGLAS BERARDO et al., Respondents—Order, Supreme Court, New York County, entered February 20, 1976, denying plaintiff's motion for summary judgment, unanimously modified, on the law, with $60 costs and disbursements to appellant, to the extent of granting partial summary judgment on the unpaid principal amounts of the loans to the corporate defendant, Intercoastal Trading Corp., guaranteed by defendants-respondents, and remanding the action for a hearing as to the reasonableness of the attorney's fees. On the motion for summary judgment in lieu of complaint (CPLR 3213), plaintiff sues to recover the unpaid principal balance of its loans to Intercoastal, aggregating some $41,200, plus interest and a stipulated attorney's fee of 15% of the indebtedness due and owing. Respondents unconditionally guaranteed Intercoastal's debt to plaintiff, in writing, and authorized plaintiff, *inter alia,* to enforce each individual guarantor's obligation "without regard to, and without necessity for resorting to, any property, or interest therein, held by [plaintiff] at any time or from time to time, as security for the payment of any indebtedness guaranteed hereby, and without regard to, and without necessity for resorting to, any other guarantor of or surety on any indebtedness of [Intercoastal to plaintiff]." Each of the four separate guarantees in issue also provided that it could not be modified "except by a

writing to such explicit effect duly executed by the party to be charged." Despite the clear and unequivocal language of their respective guarantees, respondents contend that plaintiff promised not to enforce the guarantees until it had first foreclosed on a second mortgage given by one of the guarantors (who was not made a party herein). Such promise, which clearly contradicts the terms of the guarantees, is not provable as a matter of law. (*Leumi Fin. Corp. v Richter,* 17 NY2d 166; *Royal Nat. Bank of N. Y. v Sonwel Realty Corp.,* 39 AD2d 529; *Meadow Brook Nat. Bank v Bzura,* 20 AD2d 287.) *Millerton Agway Corp. v Briarcliff Farms* (17 NY2d 57), relied on by Special Term, is inapposite since the guarantees there construed contained no specific reference to the subject matter of the alleged oral misrepresentations. Although we conclude that plaintiff is entitled to recover the unpaid principal balances due on the guarantees, plus interest, we cannot determine, on the record before us, the reasonableness of the requested counsel fee. Accordingly, we remand for a hearing as to such issue. (Cf. *Equitable Lbr. Corp. v IPA Land Dev. Corp.,* 38 NY2d 516; *Franklin Nat. Bank v Wall St. Commercial Corp.,* 21 AD2d 878.) Concur— Murphy, J. P., Birns, Capozzoli, Lane and Lynch, JJ.