## FOURTH DEPARTMENT, FEBRUARY, 1978

### (February 17, 1978)

■ FREDERICK BRONOWSKI et al., Respondents, v MAGNUS ENTERPRISES, INC., Appellant.—Order and judgment unanimously affirmed, with costs. Memorandum: Defendant Magnus Enterprises, Inc. (hereinafter Magnus), appeals from an order and judgment of the Special Term which granted the motion of plaintiffs Frederick and Jean Bronowski for summary judgment against Magnus. Plaintiffs, husband and wife, gave $7,000 to Motif Construc-

tion Corporation (hereinafter Motif) as the first payment pursuant to a written agreement under which Motif was to acquire a specific lot and build a house for plaintiffs. The contract provided that the $7,000 was to be held in escrow and applied to the costs of construction. Motif defaulted and went out of business without having purchased the lot or having commenced construction. Subsequently, the lot was purchased by Magnus, a newly formed corporation, the president of which, Totaro, had also been the president of Motif. Plaintiffs instituted a lawsuit against Magnus and others and moved for summary judgment against Magnus in the amount of $7,000. The complaint alleged that Magnus had "acquired title to the premises in question * * * with either actual or constructive notice of the prior rights and claims of the plaintiffs in and to the premises [and] that said defendant [was] not a bona fide purchaser of said premises because of its prior knowledge." These allegations were supported by evidentiary proof, in the form of affidavits and the contract with Motif, sufficient to sustain plaintiffs' burden upon the motion for summary judgment. Other than a general denial in its answer, defendant did not deny or submit evidentiary proof controverting plaintiffs' allegations. A general denial is insufficient to raise a factual issue on a summary judgment motion (*Iandoli v Lange,* 35 AD2d 793; *Duban v Platt,* 23 AD2d 660, affd 17 NY2d 526). In order to defeat a motion for summary judgment, a party must disclose in evidentiary form the evidence on which it relies. " ' "Bald conclusory assertions, even if believable, are not enough [to defeat summary judgment]" ' " (*Capelin Assoc. v Globe Mfg. Corp.,* 34 NY2d 338, 342, quoting *Erlich v American Moninger Greenhouse Mfg. Corp.,* 26 NY2d 255, 259; see, also, *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 290; *Indig v Finkelstein,* 23 NY2d 728.) The elements necessary to create a constructive trust, as outlined in *Sharp v Kosmalski* (40 NY2d 119; see, also, *Sinclair v Purdy,* 235 NY 245; *Janke v Janke,* 47 AD2d 445, affd 39 NY2d 786) have been proven here: (1) a confidential or fiduciary relationship (such a relationship was created by Motif's acceptance of plaintiffs' $7,000 to be held in escrow and its promise to purchase the lot on plaintiffs' behalf); (2) a promise (Motif contracted to hold the plaintiffs' payment in escrow and to purchase the lot for plaintiffs); (3) a transfer in reliance thereon (plaintiffs transferred $7,000 to Motif in reliance on the contract); and (4) unjust enrichment (Magnus would be unjustly enriched by obtaining ownership of the property free of plaintiffs' claim). Totaro, as president of Motif, knew of the transactions between Motif and plaintiffs, including the signing of the contract and the initial payment of $7,000, both of which antedated Magnus' incorporation by about seven months. Subsequent to Magnus' incorporation and only two months prior to Magnus' purchase of the property in question, he had written to plaintiffs concerning Motif's failure to construct their home. Further, Totaro did not deny plaintiffs' allegation that, as president of Magnus, he had signed the mortgage on the property. Therefore, we hold that Magnus is chargeable with knowledge of plaintiffs' interest in the property. Magnus, as principal, is chargeable with knowledge which its agent Totaro possessed during the agency relationship (2 NY Jur, Agency, § 259), as well as knowledge which he had acquired prior to commencement of the relationship when that knowledge had been acquired so recently as to raise the presumption that he still retained it in mind. (2 NY Jur, Agency, § 266; *Cragie v Hadley,* 99 NY 131; *Yager Pontiac v Danker & Sons,* 41 AD2d 366, affd 34 NY2d 707.) Inasmuch as Magnus had knowledge of plaintiffs' interest in the property and was not a bona fide purchaser, creation of a constructive trust in favor of plaintiffs against Magnus'

interest in the property to the extent of $7,000 is proper. It appears from the record that prior to the commencement of the action, plaintiffs filed a *lis pendens* against the property, for which Magnus substituted an undertaking. Special Term's order that $7,000 of the award to plaintiffs be paid from that undertaking, in satisfaction of plaintiffs' equitable claim against Magnus' interest in the property, should be affirmed. (Appeal from order and judgment of Erie Supreme Court—summary judgment.) Present—Marsh, P. J., Cardamone, Dillon, Hancock, Jr., and Witmer, JJ.