■ BANKERS TRUST HUDSON VALLEY, N. A., Respondent, v GERALD A. CHRISTIE, Appellant, et al., Defendant.—Appeal from a judgment of the Supreme Court at Special Term, entered February 16, 1978 in Ulster County, upon an order which granted plaintiff's motion for partial summary judgment against the defendant, Gerald A. Christie, in the sum of $33,686.09. On February 15, 1973 defendants Christie and Di Peri executed in favor of plaintiff an "Unlimited Guaranty" which provided that "In consideration of financial accommodations given or to be given" to Di Peri & Christie Complete Car Care, Inc., defendants, "irrevocably and unconditionally" guaranteed payment to plaintiff of any and all liabilities of the corporation of which defendants were stockholders and officers. The defendants waived notice of acceptance of the guarantee, and the guarantee expressly stated that it was a continuing one, existing "until written notice of revocation [is] actually received by the [plaintiff], notwithstanding a revocation by, or the death of, or complete or partial release" of the defendants or the corporation. The record does not establish, nor does the plaintiff contend, that any credit was or had been extended to the corporation on February 15, 1973. Two weeks after the execution of the guarantee, Christie severed all of his ties with the corporation in a "Termination Agreement" dated March 1, 1973. He transferred all of his stock to the corporation, and Di Peri assumed all outstanding liabilities of the corporation, agreeing to indemnify Christie against all claims which might be personally made against Christie in connection with any obligation of the corporation. Christie resigned as officer and director of the corporation, and moved from Kingston, New York, to Long Island. Almost a year later, on January 7, 1974, plaintiff loaned the corporation $23,000 at 9½% interest. Di Peri signed a promissory note for the amount of the loan as president of the corporation and, in addition, Di Peri and his wife signed as indorsers of the note. Significantly, Christie neither signed nor indorsed the note. Almost two years later, after execution of the guarantee, the plaintiff made a second loan of $4,300 to the corporation which Di Peri signed on behalf of the corporation. Again, Christie's name did not appear on the note. The corporation defaulted in payment of the promissory note and the time note, and plaintiff thereafter commenced this action against Di Peri and Christie to recover over $25,000 on their unlimited guarantee of the corporate notes. Di Peri defaulted, but Christie appeared and served an answer. Plaintiff then moved for summary judgment which Special Term, after rejecting Christie's contentions, granted. It is a well-established rule that an uncompensated surety's obligation is construed *strictissimi juris* in the surety's favor and that he is not liable beyond the express terms of the contract (see, e.g., *Delaware Funds v Zuckerman-Honickman, Inc.*, 43 AD2d 889; *People v Henry*, 33 AD2d 1031, 1032). This rule of strict construction seeks to guard the rights of the surety and protect him from the imposition of liability which is not strictly within the contract terms (see 57 NY Jur, Suretyship and Guaranty, § 104, p 353), and in our view, it should be especially applicable on a motion for summary judgment which seeks to impose liability on a surety for moneys he never saw, never used, and from which he received no benefit. Christie contends that even if he was personally liable on the guarantee, he had effectively revoked it prior to plaintiff's extensions of the loans. The guarantee was executory and unlimited as to duration and amount and, until credit was given, i.e., until the guarantee was accepted by plaintiff by acting upon it, it was simply a continuing offer by Christie which he could revoke at any time. Christie maintains that plaintiff was aware of his severance with the corporation, and he relies on

the fact that, first, the credit was not extended until long after he left the corporation and, second, that only Di Peri and his wife's names appeared on the corporate notes. The guarantee required written revocation actually received by plaintiff, but as one authority has stated, "Although an offer of suretyship provides that it can be revoked only by written notice, the surety has the power to terminate it by giving notice in any other way, unless he has received consideration" (Simpson, Suretyship, p 58; see, also, *Delaware Funds v Zuckerman-Honickman, Inc., supra).* Here, Christie personally received no consideration for signing the guarantee and, therefore, he had the power to terminate it by giving notice "in any other way" (Simpson, Suretyship, p 58). He claims that plaintiff's officers visited the corporate place of business almost daily, that they knew Christie had left, and that plaintiff acknowledged this when it requested only Di Peri and his wife to indorse the corporate notes. In our view, under the rule of *strictissimi juris,* this raised a question of fact as to whether plaintiff was aware that Christie had separated from the corporation and its obligations, including the guarantee. As was stated by the Fourth Department in *Delaware Funds v Zuckerman-Honickman, Inc. (supra,* pp 889-890), "Since the guarantee was to exist for an unspecified duration, a contrary reading could bind Delaware to its role as guarantor forever." In the case at bar, plaintiff seeks to impose liability upon an uncompensated surety for credit issued long after execution of the guarantee and separation from the principal debtor by Christie. It is an unjust result, particularly in the procedural posture of this case. On a motion for summary judgment, the court's function is to find issues, not determine them *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395). Since the allegations contained in the pleadings raise substantial fact questions requiring a trial for their resolution, the judgment should be reversed. Judgment reversed, on the law, without costs, and motion denied. Mahoney, P. J., Greenblott and Mikoll, JJ., concur.

Sweeney and Staley, Jr., JJ., dissent and vote to affirm in the following memorandum by Staley, Jr., J. Staley, Jr., J. (dissenting). We respectfully dissent and would affirm the judgment. Christie contends that he intended to sign the "Unlimited Guaranty" only in his capacity as a corporate officer; that plaintiff had notice of the fact that Christie revoked the guarantee before the loans were made; and that plaintiff waived the requirement of written notice of revocation of the guarantee. The guarantee is clear and unambiguous in its terms of individual liability. It specifically sets forth that the individual guarantee extends to all debts due or to become due from the corporation to plaintiff. Christie's contention concerning his intention in executing the "Unlimited Guaranty" contradicts its clear and unambiguous terms, and any oral evidence as to intent would be inadmissible under parol evidence rule *(Community Nat. Bank & Trust Co. of N. Y. v Intercoastal Trading Corp.,* 55 AD2d 525; *Pollack v Green Constr. Corp.,* 40 AD2d 996, affd 32 NY2d 720; *County Nat. Bank v Grunwald,* 30 AD2d 663). The reliance of the majority on *Delaware Funds v Zuckerman-Honickman, Inc.* (43 AD2d 889) is misplaced. In that case, Delaware, by unilateral instrument, undertook to guarantee the debts of Moyer Company, a customer of Zuckerman. On August 11, 1970, Delaware mailed a letter to Zuckerman revoking its guarantee, but the letter apparently never came to the attention of the proper Zuckerman personnel. Between December 11, 1970 and January 8, 1971, Zuckerman sold merchandise to Moyer valued at $7,313. Moyer defaulted on the debt and Zuckerman sued Delaware as guarantor. Zuckerman obtained a judgment against Delaware based on a finding that the revocation was ineffective since the consent of Zuckerman was required

for its termination. The court, reversing the judgment, stated (p 889) "A continuing guarantee, as such it was, is in the nature of a continuing offer to guarantee a series of debts and may be revoked by the guarantor on notice to the creditor * * * The terms of the guarantee herein must be read as allowing unilateral revocation by the guarantor." Christie's contention that plaintiff had actual or constructive notice of his withdrawal from the corporation and was, therefore, released from any obligation under the guarantee is also without merit. By its terms, the guarantee was to continue "until written notice of revocation signed by such undersigned shall in each case have been actually received by the Bank". There is no evidence in the record that written notice was ever received by plaintiff from Christie. In his affidavit on the motion, Christie's allegations as to notice to plaintiff are hearsay and conjecture. Proper notice under the terms of the guarantee was not completed and the claim of notice was not established (*Franklin Nat. Bank of Long Is. v S. & L. Constr. Corp.,* 16 AD2d 682). Christie also contends that plaintiff waived the notice provision of the guarantee when the corporation executed the promissory note on January 7, 1974 indorsed by Di Peri and his wife individually. Christie asserts that plaintiff in effect substituted the indorsement agreement for the "Unlimited Guaranty" and thus waived the requirement of written revocation. There are no facts alleged to indicate that the indorsement agreement was designed to terminate the "Unlimited Guaranty", and it cannot be deemed a substitute for it. There are also no facts alleged that plaintiff considered that the "Unlimited Guaranty" had been terminated or that plaintiff's officer had orally agreed that the guarantee was no longer in effect and would not be used against Christie. There was thus no waiver of the requirement of written notice of termination by Christie (cf. *Alside Aluminum Supply Co. v Berliner,* 32 AD2d 731). "In order to defeat a motion for summary judgment, a party must disclose in evidentiary form the evidence on which it relies" (*Bronowski v Magnus Enterprises,* 61 AD2d 879, 880). Defendant Christie has not alleged any facts which, if adopted as true, would raise a substantial issue of fact (*National Bank of Westchester v Dogwood Constr. Corp.,* 47 AD2d 848). Accordingly, the judgment should be affirmed.