## THIRD DEPARTMENT, OCTOBER, 1979

### (October 4, 1979)

BANKERS TRUST HUDSON VALLEY, N. A., Respondent, v GERALD A. CHRISTIE, Appellant, et al., Defendant.—Appeal from a judgment of the Supreme Court at Special Term, entered February 16, 1978 in Ulster County, upon an order which granted plaintiff's motion for partial summary judgment against the defendant, Gerald A. Christie, in the sum of $33,686.09. Upon reargument, we adhere to our previous decision *(Bankers Trust Hudson Val., N. A. v Christie,* 68 AD2d 969) holding that questions of fact are here presented which require reversal of the judgment granting plaintiff's motion for partial summary judgment. In our view, neither subdivisions 1 and 4 of section 15-301 of the General Obligations Law nor *Chemical Bank v Wasserman* (37 NY2d 249) requires a contrary holding in view of the Court of Appeals application of the equitable estoppel principle in a similar context *(Rose v Spa Realty Assoc.,* 42 NY2d 338). Judgment reversed, on the law, without costs, and motion denied. Mahoney, P. J., Greenblott and Mikoll, JJ., concur.

Sweeney and Staley, Jr., JJ., dissent and vote to affirm in the following memorandum by Staley, Jr., J. Staley, Jr., J. (dissenting). Upon reargument, we adhere to our prior position *(Bankers Trust Hudson Val., N. A. v Christie,* 68 AD2d 969, 970-971), and would affirm the judgment. In our opinion, the provisions of section 15-301 of the General Obligations Law and *Chemical Bank v Wasserman* (37 NY2d 249), holding that a termination of a written guarantee must be communicated to the holder of the guarantee in writing, are controlling. The majority's reliance on *Rose v Spa Realty Assoc.* (42 NY2d 338) is misplaced. In *Rose,* a written agreement for the sale and purchase of land was involved. The agreement was modified by oral agreement between the parties. The court stated (42 NY2d 338, 344): "Once a party to a written agreement has induced another's significant and substantial reliance upon an oral modification, the first party may be estopped from invoking the statute to bar proof of that oral modification". Here, there was

no oral agreement or any evidence on the part of Christie to change his position as a guarantor. We have here a guarantee agreement which provided that the guarantee was a continuing one until another notice of revocation was actually received by the plaintiff. No such written notice of revocation was ever received and Christie was never relieved of his obligations under the guarantee.