OPINION OF THE COURT
Memorandum.
Final judgment of the court below (100 Misc 2d 120) unanimously reversed, with $30 costs, and the clerk of the court below is directed to enter a final judgment of possession in favor of landlord. Issuance of the warrant of eviction stayed until further order of this court upon condition that tenants remove the dog within 30 days after service of a copy of the order hereon.
*125 In this holdover summary proceeding, the court below held that the lease provision prohibiting the harboring of pets was unconscionable as a matter of law (Real Property Law, § 235-c). We disagree with the findings and conclusions of the court below and hold such clause to be valid and enforceable.
There is no claim by tenants or anything in the record which would indicate that they are uneducated, illiterate or that they did not understand that the lease contained a no pets clause (see Blake v Biscardi, 62 AD2d 975). In addition, the element of unreasonableness is not present (see Halprin v 2 Fifth Ave. Co., 75 AD2d 565, app dsmd 51 NY2d 769) as it cannot be said that it is unreasonable for a landlord to refuse to permit tenants to keep pets in their apartment (see Kew Gardens Assoc. v Regan, NYLJ, July 14, 1980, p 14, col 2).
In determining the question of whether a lease clause is unconscionable, it is appropriate to consider the circumstances surrounding the execution of the lease (Real Property Law, § 235-c, subd 2). The court below did so and relied heavily upon tenants’ version of the relevant circumstances. However, in our opinion this version is not worthy of belief. While tenant Lawrence Rosenblum testified he had the dog in his apartment since December, 1973 and that he never hid it, this testimony was contradicted by notarized statements that tenants sent to landlord in 1975 and 1976, in response to inquiries as to whether they had a dog, in which they denied that they had a dog. Furthermore, if as Rosenblum testified, he orally received permission from landlord to have a dog, there would have been no need to send a denial to landlord.
With respect to Rosenblum’s testimony that someone in landlord’s office gave tenants permission to keep a dog, he could not identify the person to whom he spoke and, consequently, it was not established that he spoke to someone in authority. Moreover, it is to be noted that tenants waited more than two years after allegedly obtaining permission before acquiring the dog.
Finally, while Rosenblum testified that when the last of the seriate leases between the parties was executed land *126 lord’s agent saw the dog and said to ignore the “no pets” provision, again the agent could not be identified and it was not established that this agent had authority to bind landlord. While the court below recognized that the “no pets” provision should have been crossed out by tenants, it nevertheless chose to rule in tenants’ favor based on Rosenblum’s testimony. However, not only did the lease contain a “no pets” clause, but, additionally, the words “no pets allowed” were rubber stamped in large block letters both at the top of the lease and adjacent to the signatures. Clearly, under these circumstances, it was incumbent upon tenants to strike these words and their failure to do so should result in a rejection of their claim that this provision was waived.
Since a violation of a lease provision forbidding the harboring of animals is considered to be of sufficient import to constitute a breach of a substantial obligation of the tenancy (Pollack v Green Constr. Corp., 40 AD2d 996, affd 32 NY2d 720; SEF Mgt. Corp. v Heffering, NYLJ, Dec. 18, 1980, p 16, col 2), a final judgment of possession should be awarded to landlord. However, issuance of the warrant of eviction should be stayed as indicated above.
Concur: Buschmann, Jones and Kunzeman, JJ.