OPINION OF THE COURT
Leon A. Beerman, J.
These holdover proceedings having identical factual circumstances have been consolidated for the purposes of this decision.
It has often been said: “A man’s best friend is his dog.”
In this proceeding, the landlord puts to the test the true strength of this bond of attachment.
The petitioner landlord contends the respondent tenant has breached a material obligation of the lease in that she has harbored a pet (dog) in violation of the provision of the lease and, therefore, her tenancy has terminated.
The rules and regulations made part of the lease provide: “14. No dogs or animals of any kind shall be kept or harbored in the demised premises, unless the same in each instance be expressly permitted in writing by the landlord”.
The rider to the lease further delineates the parties’ responsibilities as follows: “30. It is expressly understood and agreed that no animals of any kind are to be harbored or kept at the premises this being a substantial obligation on the tenant’s part. It is further expressly understood and *399 agreed that should the tenant at any time harbor or keep animals or animal of any kind at the premises, that the monthly rent for the premises shall be immediately increased an additional sum of $100.00 per month payable on the same date that the monthly rent heretofore expressed is due and payable,”
The issue in controversy between the parties arises in the interpretation of the provision in the rider.
Respondent tenant contends she is allowed to have a pet in her apartment if she complies with petitioner’s request, to wit: pay an additional $100 per month as rent. As a result of which, the respondent tenant acquired a dog and offered to pay the additional $100 as rent. The petitioner landlord refused to accept the $100 and informed the respondent tenant she violated a substantial obligation of the lease in harboring a pet. Whereupon, these holdover proceedings to terminate the tenancy were commenced.
Respondent tenant posits that the petitioner landlord has waived, in writing, the violation of the material obligation of the tenancy by unilaterally providing for an increase in rent, “should the tenant * * * harbor * * * [ari\ animal”, (Emphasis added.)
Respondent tenant further submits, in the alternative, that the clause is unconscionable, ambiguous and therefore any interpretation must be in favor of the tenant.
The classic lease construction is that if there are any ambiguities in lease interpretation, making two court evictions possible, any such ambiguities are to be reached in tenant’s favor. (Wasservogel v Meyerowitz, 300 NY 125; Broad Props. v Wheels, Inc., 43 AD2d 276, affd 35 NY2d 821.)
The petitioner landlord takes the position that the rider clause is a penalty and demonstrates the importance petitioner landlord attaches to the compliance with the original provision. Further, that the clause is unenforceable and must be deemed null and void as it violates the Rent Stabilization Law.
As a preface to addressing the respective contentions of the parties the court is fully aware and takes cognizance of the well-settled and established court holdings that a lease *400 provision prohibiting pets as a material obligation is reasonable and enforceable. The failure to comply with such prohibition is to be regarded as a material breach of the tenancy and places the tenant’s occupancy in jeopardy. (Pollack v Green Constr. Corp., 40 AD2d 996, affd 32 NY2d 720; Riverbay Corp. v Klinghoffer, 34 AD2d 630; Lincoln Coop. Apts. v Zaifert, 23 AD2d 796.) Further, that the prohibition of pets is not unconscionable as a matter of law. (Hollywood Leasing Corp. v Rosenblum, 109 Misc 2d 124.)
However, the cases do not hold that a “pet clause” must be a substantial obligation of the tenancy, nor that such an obligation may not be properly waived.
A careful review of the prohibition clause in the instant proceeding reveals that although the petitioner landlord regarded this to be a material obligation of the lease he provided a manner in which he was willing to waive this breach. This waiver was specific and clearly identified; “should * * * tenant at any time harbor or keep animals or animal of any kind at the premises, that the monthly rent for the premises shall be immediately increased an additional sum of $100.00 per month”. The rider clause clearly gives rise to and creates an option to the respondent tenant, which she has chosen to accept.
Thus, the petitioner landlord afforded the respondent tenant an opportunity to exercise the method of acknowledging the written waiver of her breach of the material obligation under the lease.
Petitioner landlord relies heavily upon an unreported holding of the Appellate Term, Second Department (Jefferson Assoc. v Miller, 63 Misc 2d 1056, revd NYLJ, June 17, 1971, p 19, col 8 [App Term, 2d Dept]), for the proposition that a clause, similar to the instant proceeding is only a penalty and not an option.
While in Jefferson the clause provided “In the event tenant harbors an animal in his apartment, same being contrary to the terms and rules and regulations therein contained, the landlord may in his sole and exclusive judgment fix the amount of $10.00 per month for such violation which shall be paid as additional rent.”
Thus, it appears the option, if any, was given to the landlord and not to the tenant. In the instant case the *401 applicable clause clearly and specifically indicates a willingness on the part of the landlord to waive the breach of the substantial obligation provided the tenant pays an additional $100 per month.
It is interesting to note at this point that it is the petitioner landlord who contends this clause to be a penalty. Whereas this position is customarily taken and supported by a tenant. It is the petitioner landlord who, on one hand, attempts to impose the additional rent on a tenant and when is caught with “his hand in the cookie jar”, takes the position the clause should become null and void and he should not collect because it may be regarded as a penalty. The fact that the landlord has no authority to increase the rent under the Rent Stabilization Law and the additional charge is unenforceable does not indicate that petitioner landlord’s sole interest was to create a penalty. It has long been established that parties to a lease may be presumed to have contracted with a view to possible changes in the law. (Moller v Peoples Nat. Bank of Brooklyn, 258 NY 373.)
In fact, if the Emergency Tenant Protection Act was repealed by the Legislature tomorrow the rider clause could be given full force and effect extending to the petitioner landlord the right to collect this $100 as additional rent. Petitioner landlord has mistakenly assumed that any provisions inconsistent with the Rent Stabilization Law are permanently invalid, void and unenforceable.
The court is of the opinion that the rider clause is clear, explicit, unambiguous, and susceptible of only one interpretation; that the respondent tenant may, at her option, harbor a pet in her apartment upon the payment of $100 as additional rent to the petitioner landlord. While the petitioner landlord may not, under existing law, be able to collect this $100 currently, he has expressly waived the breach. The respondent tenant has exercised her option to remain in the premises as stated in the lease. However, her payment of an additional rent is abated until the petitioner landlord is lawfully permitted to collect the same.
Judgment for the respondent tenant and the petition is dismissed.