■ ENDICOTT TRUST COMPANY, Respondent, v ANTHONY J. MILASI et al., Defendants, and JOEL LEVY, Appellant.—Mercure, J. Appeal from an order and judgment of the Supreme Court (Smyk, J.), entered May 1, 1990 in Broome County, which granted plaintiff's motion for summary judgment against defendant Joel Levy.

On April 28, 1987, defendants, Anthony J. Milasi, Andrew C. Francis and Joel Levy (hereinafter defendant), officers of Francis-Milasi Corporation (hereinafter the corporation), executed a written instrument whereby they unconditionally guaranteed payment of all existing and future indebtedness of the corporation to plaintiff. The guarantee provided in pertinent part that it was "a continuing guaranty of payment of any and all * * * liabilities either made, endorsed, or contracted by the [corporation], prior to the receipt by [plaintiff] of written notice of the revocation of [the guarantee] by [defendants]" and that it "cannot be altered or discharged orally". Upon the corporation's default in payment of indebtedness to it, plaintiff commenced this action, *inter alia*, against defendant upon his guarantee. Plaintiff moved for summary judgment, opposed by defendant with a factual showing that, in connection with a January 1988 loan to the corporation, plaintiff could not locate the April 1987 guarantee and requested a new one, which only Milasi signed on January 13, 1988, that defendant had previously advised plaintiff that he "would not and could not give a financial statement or sign a personal guaranty", and that plaintiff subsequently made the loans and extensions of credit forming the basis for the action. Supreme Court granted the motion and defendant appeals.

The sole contention advanced on appeal is that Supreme Court erred in granting plaintiff summary judgment because defendant raised a factual issue as to whether he was entitled to and did orally revoke his guarantee. We disagree. The form of written guarantee used by plaintiff is a fully integrated, unambiguous contract which by its terms cannot be altered or discharged orally *(see, Chemical Bank v Sepler,* 60 NY2d 289, 293; *Chemical Bank v PIC Motors Corp.,* 58 NY2d 1023, *affg* 87 AD2d 447, 450). As such, the guarantee could be terminated only by a writing received by plaintiff prior to the time of the loans or extensions of credit sued upon *(see, Chemical Bank v Sepler, supra,* at 294). While there have been cases where oral notice, in combination with appropriate conduct of the parties, has been considered in addressing the validity of a termination *(see, supra,* at 294, n 2; *Rose v Spa Realty Assocs.,*

42 NY2d 338), here the claimed oral termination was itself equivocal and by no means " 'unqualified and positive' " or " 'express and absolute' ", as required *(Associated Food Stores v Siegel,* 10 AD2d 1003, *affd* 9 NY2d 816, quoting *Rogers-Pyatt Shellac Co. v Starr Piano Co.,* 212 App Div 792, 798; *see, Chemical Bank v Sepler, supra).* Finally, to the extent that *Bankers Trust Hudson Val. v Christie* (68 AD2d 969, *adhered to on rearg* 72 AD2d 614) may be of continued validity *(cf., Chemical Bank v Sepler, supra,* at 294-295), we decline to extend its holding to the facts presented here.

Mikoll, J. P., Yesawich Jr., Crew III and Harvey, JJ., concur. Ordered that the order and judgment are affirmed, with costs.