■ BARCLAYS BANK OF NEW YORK N. A., Respondent, v M & M ELECTRONICS ASSOCIATES, INC., Defendant, GREGORY MITCH-ELL et al., Appellants, and CHARLES MAY et al., Respondents.— Yesawich Jr., J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Meehan, J.), entered June 12, 1991 in Rockland County, which partially granted plaintiff's motion for summary judgment.

Plaintiff commenced this action against defendant M & M Electronics Associates, Inc. (hereinafter M&M) after M&M

defaulted in its payments on two promissory notes executed by it in October 1985 for $10,000 and December 1986 for $25,000 in plaintiff's favor. Plaintiff also asserted causes of action against defendants Charles May, Donald Fellner, Gregory Mitchell (M&M's president) and Marion Mitchell (M&M's vice-president and secretary) based upon unconditional and continuing guarantee agreements executed by them running to plaintiff. The Mitchells, May and Fellner answered and asserted various affirmative defenses, cross claims and counterclaims. Following discovery and entry of a default judgment in the sum of $25,785.58 against M&M, plaintiff moved for summary judgment against each of the guarantors; only the Mitchells opposed the motion. During the pendency of that motion May and Fellner apparently settled with plaintiff and the latter assigned its rights to May and Fellner. Supreme Court subsequently granted plaintiff's motion insofar as it sought summary judgment against the Mitchells, the only remaining defendants, in the sum of $28,747.93. Judgment was entered thereon and the Mitchells appeal.

While the record does not support the Mitchells' contention that their 1984 guarantee was discharged by M&M's repayment of its initial loan, obtained in 1984, it is open to dispute whether the guarantee was modified with respect to the December 1986 note by an oral agreement entered into and executed by Gregory Mitchell (hereinafter Mitchell) and Valerie Oill, plaintiff's branch vice-president. It is averred by Mitchell that he assigned his $63,587 claim against M&M—represented by M&M's promissory note to him appearing in the record and dated October 24, 1986—to plaintiff and that this assignment was made in lieu of personal guarantees which plaintiff sought to obtain from the Mitchells to secure payment of M&M's December 1986 note. Mitchell swears that:

"Ms. Oill therefore suggested that in lieu of personal guarantees from either myself or my wife with regard to the repayment of the loan of $25,000.00 to [M&M], that my claim against [M&M] for $63,587.00 be assigned to Plaintiff for the purposes of factoring the debt in the event of [M&M's] failing to comply with the provisions of its * * * Note.

"Ms. Oill indicated that if this was done it would; 'take care of the $25,000.00' which Plaintiff was about to lend [M&M] and would, since the amount of the debt to be factored was over twice that of the loan, relieve both myself and my wife from any further liability in that regard. * * *

"As such I duly assigned for factoring [M&M's] Note in my favor for payment of the amount of $63,587.00."

Significantly, plaintiff does not deny or contravert these representations in any respect. Accepting Mitchell's allegations as true for purposes of this motion, factual issues exist regarding plaintiff's right to recover against the Mitchells by reason of M&M's 1986 note to plaintiff, making summary judgment with respect to that note inappropriate *(see, e.g., Citibank [N.Y. State] v Zibro Tire & Appliance Co.,* 72 AD2d 846, 847; *see also, Rose v Spa Realty Assocs.,* 42 NY2d 338, 344; *Marine Midland Bank v Midstate Lbr. Co.,* 79 AD2d 783, 784; *cf., Endicott Trust Co. v Milasi,* 175 AD2d 480).

The Mitchells' remaining arguments are unavailing. In light of the broad discretion granted plaintiff by the October 1985 and December 1986 promissory notes—including the right to "sell or otherwise dispose of all or part of Collateral Security whenever in its discretion [plaintiff] considers such sale or disposition necessary for its protection"—the Mitchells' merely conclusory assertions that plaintiff misused the collateral which secured these obligations are plainly inadequate. And although the stipulation discontinuing plaintiff's action against May and Fellner is technically defective because it is signed only by counsel for plaintiff, May and Fellner *(see,* CPLR 3217 [a] [2]), that is of no moment for no prejudice accrued to the Mitchells because of it *(see, Schimansky v Nelson,* 50 AD2d 634, 635); the discontinuance awards nothing against the Mitchells nor does it affect the cross claims asserted by them.

Mikoll, J. P., Crew III, Casey and Harvey, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by deleting *so* much thereof as reflects principal and interest accruing on the December 1986 promissory note of defendant M & M Electronics Associates, Inc., together with counsel fees, costs and disbursements thereon and, as so modified, affirmed.