■ Tove Matas, Respondent, v Binghamton Savings Bank, Appellant. [650 NYS2d 37] —Peters, J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered November 9, 1995

---

in Tompkins County, which denied defendant's motion for summary judgment.

In September 1993, Sight & Sound, Inc. (hereinafter Sight & Sound), a newly formed domestic corporation specializing in the retail sale of audio/visual equipment, applied for a $90,000 start up loan from defendant. Defendant sought to have this loan processed through a loan guarantee program of the United States Small Business Administration (hereinafter SBA). Upon the issuance of the loan commitment by defendant to Sight & Sound, the proceeds were earmarked for the purchase of inventory, leasehold improvements, store fixtures, computer equipment and working capital. Such commitment further indicated, *inter alia,* that it was subject to approval by the SBA of a 90% guarantee on the loan and required "unlimited personal guarantees" of not only plaintiff, an officer of such corporation as well as a 49% shareholder,[1] but also of his partner, president and majority shareholder, Stephen Smith.

In furtherance thereof, plaintiff executed a standard unconditional guarantee in favor of SBA as well as a "continuing and unconditional" commercial guarantee in favor of defendant, both dated November 9, 1993. On November 10, 1993, defendant directly deposited the loan proceeds into the account maintained by Sight & Sound. This disbursement, however, was not in full compliance with the SBA authorization and loan agreement requiring that the disbursements be made jointly to both Sight & Sound, as the corporate borrower, and its sellers and suppliers of leasehold improvements and inventory.

In January 1994, Sight & Sound requested and received an additional loan in the amount of $25,000 to add new product lines and, as explained by plaintiff, "to pay off some debt and become more financially stable". Plaintiff was required to and did, in fact, execute another "continuing and unconditional" commercial guarantee.[2] In the spring of 1994, Sight & Sound, discontinued business operations prompting plaintiff, with defendant's consent, to liquidate the remaining corporate assets to assist him, as guarantor, to meet the outstanding obligations of Sight & Sound to defendant.

Ultimately seeking a discharge of his obligations as a guarantor of the remaining outstanding loans, plaintiff commenced

---

1. At all relevant times, plaintiff was a physician working in the Tompkins County area and was not active in the day-to-day operations of Sight & Sound.

2. Plaintiff executed yet another commercial guarantee on March 29, 1994 in connection with a loan from defendant which has since been repaid.

this action alleging, *inter alia*, that defendant failed to properly supervise the dispersal of the loan proceeds. As a result of such failure, plaintiff alleges that his on-site partner was able to misappropriate $50,000 of such proceeds for noncorporate purposes, thus forcing the eventual corporate insolvency. Plaintiff further contends that this loan management obligation continued through the second loan. After joinder of issue, defendant moved for summary judgment based upon the guarantees. Supreme Court denied the motion without written decision and defendant now appeals. We reverse.

The gravamen of this action is plaintiff's belief that, pursuant to the wording of the SBA authorization and loan agreement, there was a duty owed by defendant to him, as guarantor, to insure that the loan proceeds were dispersed as specified therein and that Sight & Sound used such proceeds in the manner agreed upon. However, the SBA authorization and loan agreement states that the conditions therein specified are for the benefit of defendant and the SBA. Further, we note that plaintiff's SBA guarantee with defendant "unconditionally" guarantees due and prompt payments of the loan, with the terms of the commercial guarantees similarly unconditional and broad. Thus, "[t]o whatever extent [defendant] may have owed a duty of care in managing the loan, contractually based or otherwise, the duty was owed solely to the [corporate] borrower" (*Canterbury Realty & Equip. Corp. v Poughkeepsie Sav. Bank*, 135 AD2d 102, 109; *see, Bank Leumi Trust Co. v Block 3102 Corp.*, 180 AD2d 588, 589, *lv denied* 80 NY2d 754; *Citizens Fid. Bank & Trust Co. v Coulston Intl. Corp.*, 160 AD2d 1110, 1112).

Since the language of the commercial guarantees are clear and unambiguous, specifying that they are absolute and unconditional (*see, Citibank v Plapinger*, 66 NY2d 90, 95; *Bank Leumi Trust Co. v Block 3102 Corp., supra*), covering all existing indebtedness of Sight & Sound, there is no need to resort to extrinsic evidence (*see, National Bank v Dogwood Constr. Corp.*, 47 AD2d 848, 849; *see also, Bank of New York v Spring Glen Assocs.*, 222 AD2d 992). Hence, in finding that the agreement between defendant and Sight & Sound did not create a fiduciary relationship extending to plaintiff, as guarantor (*see, Bank Leumi Trust Co. v Block 3102 Corp., supra*), we conclude that Supreme Court erred in failing to grant defendant's motion for summary judgment.

Mikoll, J. P., White, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant on its counterclaims and complaint dismissed.