■ ORIX FINANCIAL SERVICES, INC., Formerly Known as ORIX CREDIT ALLIANCE, INC., Respondent, v TERRY L. MCMULLEN et al., Appellants. [879 NYS2d 131]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered October 30, 2007, which granted the motion of defendant Orix Financial Services, Inc. (Orix) for summary judgment as to individual defendant Terry McMullen, severed the complaint and otherwise denied Orix's motion for summary judgment, and denied defendants' cross motion for summary judgment, unanimously affirmed, with costs.

Defendant Terry McMullen (the borrower) executed a conditional sale contract note (the note) in conjunction with his purchase of a tractor-trailer from a dealer, who assigned all of its rights under the note to Orix. Orix had engaged in two prior financing transactions with the borrower. In the latter transaction, entered seven months prior to the note at issue, Orix also obtained a signed and notarized personal guaranty from Connie Smith also known as Connie McMullen (the guarantor) for obligations due Orix from the borrower. The guaranty expressly states that it is a "continuing guaranty" which remains in effect until terminated. When the borrower defaulted on the note, Orix repossessed the tractor-trailer and sold it at auction. Orix then commenced this action against the borrower for the balance due on the note and joined a claim against the guarantor.

Here, as in *Orix Fin. Servs., Inc. v Precision Charters, Inc.* (2007 WL 2042499, *2, 2007 US Dist LEXIS 51806, *3-7 [SD NY 2007]) and *James Talcott, Inc. v Bloom* (29 AD2d 390, 391 [1968]), the language of the guaranty unambiguously contemplated future agreements between Orix and the borrower. This language cannot be read to limit the guarantor's liability to amounts owed under the March 1999 note (*see Chemical Bank v Sepler*, 60 NY2d 289, 294 [1983]). As the guarantor has never denied that she signed the guaranty, her challenges to the validity of the notarization are irrelevant.

We also reject defendants' argument that the purported "falsification" of the verification tainted the entire transaction and precluded Orix from recovering from the borrower, as the borrower's agreement with Orix would remain valid even if the guaranty were void (*see Midland Steel Warehouse Corp. v Godinger Silver Art*, 276 AD2d 341, 343 [2000]; *National Union Fire Ins. Co. of Pittsburgh, Pa. v Clairmont*, 231 AD2d 239, 241-242 [1997], *lv dismissed* 92 NY2d 868 [1998]). Concur—McGuire, J.P., Acosta, DeGrasse, Richter and Abdus-Salaam, JJ.