■ SIGNATURE BANK, Respondent, v TOPLINE CONTRACTING, INC., et al., Appellants. [973 NYS2d 351]—

In an action, inter alia, to recover on personal guarantees of a

promissory note, the defendants appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Kings County (Pfau, J.), dated February 11, 2013, as granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendants Jacob Yarmish, Esther Yarmish, Steven Rubenstein, Estee Rubenstein, Eric Rosen, and Dorit Rosen, and (2) so much of a judgment of the same court entered March 26, 2013, as, upon the order, is in favor of the plaintiff and against the defendants Jacob Yarmish, Esther Yarmish, Steven Rubenstein, Estee Rubenstein, Eric Rosen, and Dorit Rosen in the principal sum of $1,983,375.

Ordered that the appeals by the defendants Topline Contracting, Inc., Topline Employees' Payroll, Inc., and 246 Management, LLC, are dismissed, as they are not aggrieved by the portions of the order and the judgment appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144 [2010]); and it is further,

Ordered that the appeal by the defendants Jacob Yarmish, Esther Yarmish, Steven Rubenstein, Estee Rubenstein, Eric Rosen, and Dorit Rosen from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from by the defendants Jacob Yarmish, Esther Yarmish, Steven Rubenstein, Estee Rubenstein, Eric Rosen, and Dorit Rosen; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal by the defendants Jacob Yarmish, Esther Yarmish, Steven Rubenstein, Estee Rubenstein, Eric Rosen, and Dorit Rosen from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal by those defendants from the order are brought up for review and have been considered on the appeal by those defendants from the judgment (see CPLR 5501 [a] [1]).

The Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the complaint against the defendants Jacob Yarmish, Esther Yarmish, Steven Rubenstein, Estee Rubenstein, Eric Rosen, and Dorit Rosen (hereinafter collectively the individual defendants). The plaintiff established, prima facie, that the individual defendants signed continuing guarantees that were "in the nature of a continuing offer to guarantee a series of debts" (Delaware Funds v Zuckerman-Honickman, Inc., 43 AD2d 889, 889 [1974]; see Oak Beverages v Ehrlich, 224 AD2d 403 [1996]). The

language of the guarantees unambiguously contemplated future agreements between the plaintiff and the borrower, the defendant Topline Contracting, Inc. (hereinafter Topline), and cannot be read to limit the individual defendants' liability only to amounts owed under the note executed contemporaneously with the guarantees. In opposition to the plaintiff's prima facie showing, the individual defendants failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 563 [1980]). Thus, upon Topline's default, the individual defendants, as guarantors, were liable for payment on the debt (*see Chemical Bank v Sepler*, 60 NY2d 289, 294 [1983]; *Chemical Bank v Wasserman*, 37 NY2d 249, 251-252 [1975]; *Orix Fin. Servs., Inc. v McMullen*, 62 AD3d 565, 566 [2009]; *Oak Beverages v Ehrlich*, 224 AD2d at 403). Rivera, J.P., Sgroi, Cohen and Hinds-Radix, JJ., concur.