■ Peggy J. Hoag et al., Appellants, v Chase Pitkin Home and Garden Center, Respondent and Third-Party Plaintiff-Respondent. Tilepak America, Inc., Third-Party Defendant-Respondent. [675 NYS2d 724] —Order unanimously affirmed without costs. Memorandum: Plaintiffs commenced this negligence action against Chase Pitkin Home and Garden Center (Chase Pitkin), and Chase Pitkin commenced a third-party action against Tilepak America, Inc. (Tilepak), for common-law indemnification and contribution. After plaintiffs and representatives of Chase Pitkin were deposed, Chase Pitkin and Tilepak executed a stipulation of discontinuance of the third-party action pursuant to CPLR 3217 (a) (2). Thereafter, plaintiffs moved to compel Tilepak to comply with their demand for discovery made before the execution of the stipulation discontinuing the third-party action. Plaintiffs therein sought discovery of documents from Tilepak and to depose a representative of Tilepak.

Supreme Court properly denied plaintiffs' motion. The contention of plaintiffs that the term "all parties" as used in CPLR 3217 (a) (2) required the signature of their attorney on the stipulation of discontinuance is without merit. Here, that term referred to "all parties" to the third-party action, i.e., Chase Pitkin and Tilepak. Plaintiffs had neither a "claim" against Tilepak nor "an interest in the subject matter of the [third-party] action" (CPLR 3217 [a] [2]; *see*, 7 Weinstein-Korn-Miller, NY Civ Prac ¶ 3217.05). Therefore, the stipulation discontinuing the third-party action did not require the signature of plaintiffs' attorney (*see*, CPLR 3217 [a] [2]), and plaintiffs may no longer compel discovery from Tilepak as a party.

Although a stipulation of discontinuance is not available under CPLR 3217 (a) (2) if a nonparty "has an interest in the subject matter of the action", the court properly determined that plaintiffs' discovery demand against Tilepak did not affect the validity of the stipulation of discontinuance. Plaintiffs' demand for discovery is not the type of "interest" contemplated by the statute (*see*, *County of Westchester v Becket Assocs.*, 102

AD2d 34, 49-50, *affd* 66 NY2d 642). In any event, the discovery sought by plaintiffs is not foreclosed by the stipulation. Plaintiffs may still depose a representative of Tilepak and obtain production of documents from Tilepak as a nonparty (*see*, CPLR 3101 [a] [4]; 3106 [b]; 3120 [b]). (Appeal from Order of Supreme Court, Monroe County, Lunn, J.—Discovery.) Present—Lawton, J. P., Hayes, Pigott, Jr., Boehm and Fallon, JJ.