■ PHILIP GONZALEZ, Appellant, v UNITED PARCEL SERVICE, Respondent. [709 NYS2d 390] —Judgment, Supreme Court, New York County (Robert Lippmann, J.), entered June 9, 1999, which, upon a jury verdict in defendant's favor, dismissed plaintiff's complaint, unanimously affirmed, without costs.

The third-party action commenced by defendant against plaintiff's employer was properly discontinued pursuant to stipulation of the parties thereto. Plaintiff's consent to the discontinuance was not required since plaintiff was neither a party to the third-party action nor interested in its subject

matter (see, *Hoag v Chase Pitkin Home & Garden Ctr.*, 252 AD2d 953). Moreover, contrary to plaintiff's assertion, neither the discontinuance of the third-party action nor the court's pre-trial rulings prevented plaintiff from calling the president of his employer as a subpoenaed witness (see, CPLR 3101 [a] [4]; 3106 [b]; 3120 [b]) and examining him with respect to his company's relationship with defendant, and with respect to the machine alleged to have caused plaintiff's injury, which machine was owned by his company.

Plaintiff's claim that the trial court erred in not giving an interested witness charge with respect to plaintiff's co-worker and fellow employee, a brief portion of whose deposition testimony was read into the trial record, is unpreserved for appellate review. Were we to address this issue, we would find that any prejudice attributable to the failure to deliver the charge was de minimis, especially since the testimony in question was not offered for its truth, but rather to establish whether the expert relied upon it in formulating his opinion. Concur—Williams, J. P., Wallach, Lerner, Andrias and Saxe, JJ.