■ C.W. Brown, Inc., et al., Plaintiffs, and Insurance Company of the State of Pennsylvania, Respondent, v HCE, Inc.,

et al., Defendants, and MORSE DIESEL INTERNATIONAL INC., Respondent, and SURETY & INSURANCE CLAIM SPECIALISTS, INC., Appellant. [779 NYS2d 514]—

In an action, inter alia, to recover damages for breach of contract, the defendant Surety & Insurance Claim Specialists, Inc., appeals from an order of the Supreme Court, Westchester County (Rudolph, J.), dated October 16, 2003, which granted the motion of the defendant Morse Diesel International, Inc., pursuant to CPLR 3124 to compel the continued deposition of a witness on behalf of Surety & Insurance Claim Specialists, Inc., and rejected the stipulation of discontinuance purporting to discontinue the action by the plaintiff Insurance Company of the State of Pennsylvania against it.

Ordered that the order is affirmed, with costs to the defendant Morse Diesel International, Inc., payable by the appellant.

The Supreme Court correctly rejected the stipulation of discontinuance between the plaintiff Insurance Company of the State of Pennsylvania (hereinafter ICOP) and the appellant Surety & Insurance Claims Specialists, Inc. (hereinafter SICS), because Morse Diesel International, Inc. (hereinafter Morse Diesel), a defendant in the action, did not sign the stipulation. This nullified its effectiveness to discontinue the action against SICS (*see* CPLR 3217 [a] [2]).

CPLR 3217 (a) (2) requires, for a discontinuation by stipulation, a writing signed by the attorneys of record for all parties (*see Barker v Barker*, 295 AD2d 151 [2002]; *Bove v Cherney*, 252 AD2d 512 [1998]). There is absent from the rule requiring signature by "all parties" a provision excluding defendants who have asserted no claims in the first party action against the discontinuing party in that action (*cf. Hoag v Chase Pitkin Home & Garden Ctr.*, 252 AD2d 953 [1998]). The requirement for the signature of the attorneys for all parties is mandatory, without which the discontinuance can be sought on motion (*see* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3217:9). On such a motion the court may grant the dis-

continuance on terms and conditions as the court deems proper (*see* CPLR 3217 [b]).

Whatever reason ICOP had to discontinue the action against SICS, its effect was to prejudice Morse Diesel, which had a right to continue the deposition of the president of SICS, Kenneth Gordon, within 30 days of trial. We do not necessarily embrace the holding of the Appellate Division, Third Department case on which SICS relies, *Barclays Bank of N.Y. v M & M Elecs. Assoc.* (185 AD2d 580 [1992]), because it overlooks a substantive requirement of CPLR 3217 (a) and relegates its violation to a technical defect. Moreover, the court in *Barclays* overlooked the absence of one party's signature to a stipulation of discontinuance because no prejudice befell the party whose signature was lacking. Morse Diesel, in stark contrast, would be unfairly prejudiced in the loss of its ability to compel the conclusion of the deposition of the president of SICS, in which it had already invested substantial time and expense. Furthermore, the court had already ordered, and all parties had agreed, that the deposition would be concluded within 30 days prior to trial.

Upon rejecting the stipulation of discontinuance between ICOP and SICS, the Supreme Court properly granted the motion of Morse Diesel to compel the continued deposition of Kenneth Gordon.

The remaining contentions of SICS are without merit. Smith, J.P., S. Miller, Crane and Rivera, JJ., concur.