The plaintiffs, the owners of an office building, hired the defendant Trommel Construction (hereinafter Trommel) to replace the building’s roof. Trommel subcontracted with the defendant Schnabel Roofing (hereinafter Schnabel) to perform the work. Trommel and Schnabel did not perform the work to the *1098 plaintiffs’ satisfaction. The plaintiffs subsequently hired Leak Stoppers, Inc. (hereinafter Leak Stoppers), to repair the alleged defects, but problems with the roof persisted. As a result, the plaintiffs commenced this action against Trommel, Schnabel, and Leak Stoppers alleging, among other things, breach of contract. In addition, the plaintiffs asserted a cause of action against Utica First Insurance Company (hereinafter Utica First), the insurer of a nonparty tenant at the subject building, seeking insurance coverage for the damages they allegedly sustained as a result of the contractors’ alleged faulty workmanship. Schnabel and Leak Stoppers asserted cross claims against, among others, Utica First for contribution and common-law indemnification.
As Utica First correctly contends, the Supreme Court should not have denied that branch of its motion which was, in effect, to dismiss the complaint pursuant to CPLR 3211 (a) (7) as academic on the ground that the plaintiffs signed a voluntary stipulation of discontinuance. The stipulation was ineffective in the absence of it being “signed by the attorneys of record for all parties” (CPLR 3217 [a] [2]; see C. W. Brown, Inc. v HCE, Inc., 8 AD3d 520, 521 [2004]).
In considering a motion to dismiss pursuant to CPLR 3211 (a) (7), the facts pleaded are presumed to be true, and the court must afford those allegations every favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]; Dickinson v Igoni, 76 AD3d 943, 945 [2010]). However, “the allegations in the [pleading] cannot be vague and conclusory” (Stoianoff v Gahona, 248 AD2d 525, 526 [1998], cert denied sub nom. Stoianoff v New York Times, 525 US 953 [1998]; see Parola, Gross & Marino, PC. v Susskind, 43 AD3d 1020, 1021 [2007]). Here, Utica First was entitled to dismissal of the complaint insofar as asserted against it for failure to state a cause of action, as the complaint fails to allege any wrongdoing by it. Since Utica was entitled to dismissal of the complaint insofar as asserted against it, the cross claims asserted against it by Schnabel and Leak Stoppers, which were entirely predicated on the complaint, must be dismissed as well.
Utica First’s remaining contention is without merit. Dickerson, J.P., Chambers, Austin and Miller, JJ., concur.