Veley v Manchester (2021 NY Slip Op 00760)





Veley v Manchester


2021 NY Slip Op 00760


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND DEJOSEPH, JJ.


1168 CA 19-02030

[*1]DEBRA VELEY, PLAINTIFF-APPELLANT-RESPONDENT,
v
PATRICIA A. MANCHESTER, DEFENDANT-RESPONDENT-APPELLANT. (APPEAL NO. 2.) 






LILLENSTEIN & PFEIFFER, DELEVAN (RAYMOND M. PFEIFFER OF COUNSEL), FOR PLAINTIFF-APPELLANT-RESPONDENT.
THOMAS C. PARES, BUFFALO (JAMES P. RENDA OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT.


 Appeal and cross appeal from an amended judgment of the Supreme Court, Erie County (John L. Michalski, A.J.), entered October 21, 2019. The amended judgment, among other things, awarded plaintiff the sum of $78,954.82. 
It is hereby ORDERED that the amended judgment so appealed from is unanimously modified on the law by denying plaintiff's motion for a directed verdict, vacating the second through fifth decretal paragraphs, and granting a new trial, and as modified the amended judgment is affirmed without costs.
Memorandum: In May 2010, Ronald Manchester (decedent) converted a Summit Federal Credit Union account into a Totten trust. Decedent's wife (defendant) and his daughter (plaintiff) were listed as beneficiaries on the conversion documents. Following decedent's death, defendant transferred the trust funds to her own account, and plaintiff thereafter commenced the instant action to recover those funds. At trial, after the close of plaintiff's proof, Supreme Court granted plaintiff's motion for a directed verdict. In appeal No. 1, plaintiff appeals and defendant cross-appeals from a judgment that, inter alia, awarded plaintiff and defendant each the sum of $73,063. In appeal No. 2, plaintiff appeals and defendant cross-appeals from an amended judgment that, inter alia, corrected the amount awarded to $78,954 each.
Preliminarily, the appeal and cross appeal from the judgment in appeal No. 1 must be dismissed inasmuch as the judgment has been superseded by the amended judgment (see RES Exhibit Servs., LLC v Genesis Vision, Inc. [appeal No. 3], 155 AD3d 1515, 1517 [4th Dept 2017]).
In appeal No. 2, we agree with defendant on her cross appeal that the court erred in granting plaintiff's motion for a directed verdict. "[I]t is reversible error to grant a motion for a directed verdict prior to the close of the party's case against whom a directed verdict is sought" (Griffin v Clinton Green S., LLC, 98 AD3d 41, 44 [1st Dept 2012]). "By its express language, [CPLR 4401] authorizes the grant of a motion for a directed verdict only if the opponent of the motion has presented evidence and closes his or her case. The requirement that each party await the conclusion of the other's case before moving for judgment [under CPLR 4401] is designed to afford all of them a day in court . . . Accordingly, the timing of a motion prescribed by CPLR 4401 must be strictly enforced and the grant of a dismissal [pursuant to CPLR 4401] prior to the close of the opposing party's case will be reversed as premature, even if the ultimate success of the opposing party in the action is improbable" (id. at 46 [internal quotation marks omitted]). Here, it is undisputed that plaintiff's motion was granted before defendant had an opportunity to present any evidence. Thus, it was error for the court to entertain plaintiff's motion (see id. at [*2]47). We therefore modify the amended judgment by denying plaintiff's motion for a directed verdict, vacating the second, fourth, and fifth decretal paragraphs, and granting a new trial.
Inasmuch as we conclude on the record before us that there was no binding open court stipulation with respect to, inter alia, the value of the trust (see CPLR 2104), we further modify the amended judgment by vacating the third decretal paragraph. In light of our determination, plaintiff's contentions on her appeal regarding the amount of the judgment, interest, costs, and disbursements are academic.
We agree with defendant on her cross appeal that the stipulation of discontinuance entered into between plaintiff and codefendant, Summit Federal Credit Union (SFCU), is ineffective inasmuch as it was not signed by the attorneys of record for all parties (see CPLR 3217 [a] [2]; C.W. Brown, Inc. v HCE, Inc., 8 AD3d 520, 521 [2d Dept 2004]). Furthermore, as correctly conceded by plaintiff, the court properly permitted defendant to file a cross claim against SFCU. We have considered defendant's remaining contention and conclude that it does not warrant further modification of the judgment.
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court